NICKELS v. HALLEN.

1. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN QUESTION FOR JURY.
   Whether pedestrian, struck by automobile while crossing well-lighted and unobstructed street intersection at night, was exercising reasonable care, *held*, question for jury under the evidence.

2. APPEAL AND ERROR—ASSIGNMENTS ASSUMING DISPUTED FACTS NOT CONSIDERED.
   Errors assigned which assume facts in dispute are not considered by Supreme Court.

3. MOTOR VEHICLES—TRIAL—INSTRUCTION.
   In action by pedestrian for injuries inflicted by automobile at street intersection, instruction that driver's comparative personal safety in case of collision with pedestrian is to be considered in measuring his duty to exercise commensurate care for safety of others, *held*, not adapted to facts of case.

4. SAME—INSTRUCTION CONSTITUTING DRIVER INSURER ERRONEOUS.
   In said action, instruction that automobile must be traveling slowly on approaching street intersection where people have right to walk across street; that test seems to be whether the driver has control of the situation—whether he is so driving that he can stop, if necessary, soon enough to avoid an accident, was erroneous, since it constituted driver insurer of safety of pedestrians at such place, and it was not' cured by thereafter stating the correct rule.

5. SAME—DEGREE OF CARE REQUIRED OF DRIVER DEPENDS ON CIRCUMSTANCES.
   Whether motor vehicles must travel slowly, on approaching crosswalk at street intersection, depends on circumstance calling for such degree of care, and not on bare fact that people have right to cross there.

6. SAME—INSTRUCTION THAT DRIVER MUST BE ABLE TO STOP IMMEDIATELY ERRONEOUS.
   Instruction that it was duty of driver to have his automobile under such control at street intersection as to be able to stop

immediately, if necessary, and avoid collision with pedestrian, was erroneous, and was not corrected by contradictory instruction that word "immediately" was relative term, both as to time and space, and that question was whether driver exercised reasonable care of prudent person.

7. Damages—Present Worth.
   Instruction stating rule for determining present worth of prospective damages, which enhanced amount instead of reducing to present worth, was erroneous.

8. Judgment—Voluntary Nonsuit No Bar to Another Suit.
   Voluntary nonsuit is no adjudication on merits, such judgment is not *res adjudicata*, and does not have to be set aside before starting another suit, since purpose of voluntary nonsuit is to save plaintiff from adjudication of rights at such time.

Error to Washtenaw; Sample (George W.), J. Submitted April 3, 1929. (Docket No. 45, Calendar No. 34,098.) Decided June 3, 1929.

Case by Tom E. Nickels against William John Hallen, Sr., and another for personal injuries. From judgment for plaintiff, defendants bring error. Reversed, and new trial granted.

*Jacob F. Fahrner (Carl A. Lehman,* of counsel), for plaintiff.

*Rodgers & Dunn* and *Stivers & Laird,* for defendants.

Wiest, J. This is an automobile accident case, involving claims of negligence and contributory negligence, excessive speed, and the common accident rate of not exceeding ten miles per hour. In the circuit plaintiff had judgment, and defendants review by writ of error.

The evening of October 20, 1926, while plaintiff was walking across Main street at the intersection

of Huron street, in the city of Ann Arbor, he was struck by an automobile, owned by defendant William John Hallen, and driven, with his permission, by his son, defendant William James Hallen. The intersection was well lighted and no traffic interfered with view of pedestrian or car driver, and yet plaintiff claimed he looked before and while crossing, and did not see the car until it struck him, and the driver claimed he did not see plaintiff until the car was about two feet from him. When plaintiff left the curb to cross the street he saw a car coming, 100 feet, or more, away. That was, undoubtedly, the car which struck him. Whether plaintiff exercised reasonable care under the particular circumstances described by him was a question of fact for the jury and not of law for the court, and the trial judge was right in so holding.

Some of the errors assigned assume facts which are in dispute, and, therefore, we omit discussion thereof. Numerous errors are alleged in the instructions to the jury. The instructions occupy 14 pages of the printed record, and it is claimed that observations in some of our reported opinions, and not applicable to the issue herein, were employed. For instance:

"You are instructed, further, that while the duties of reasonable care for their own safety and that of others are imposed upon both pedestrians and driver, the driver's comparative personal safety in case of collision with a pedestrian is not to be overlooked and is to be considered by you in measuring his duty to exercise commensurate care for the safety of others."

This was probably taken from *Patterson* v. *Wagner,* 204 Mich. 593, 600. Considered with its context, and as employed in the *Patterson Case,* the expres-

sion was there *apropos,* but the quoted part thereof, employed by the trial judge, was ill-adapted for instruction to the jury under the facts in this case. We do not think, however, that it controlled the verdict.

The court was in error in giving the following instruction:

"I instruct you, further, members of the jury, that motor vehicles must be traveling slowly on approaching a street intersection where people have 'a right to walk across the street. The test seems to be whether the driver has control of the situation, whether he is so driving that he can stop, if necessary, soon enough to avoid an accident."

The error was not cured by also saying:

"In other words, whether he is driving as a reasonably prudent person would under like or similar circumstances."

The rule, first specifically stated, was not at all, "in other words," the general and true one last stated. Whether motor vehicles must travel slowly, in approaching a crosswalk at a street intersection, depends upon circumstances calling for such a degree of care, and not upon the bare fact that people have a right to cross there. The duty is not upon the driver of a car to have "control of the situation" and be able, under any and all circumstances, to stop soon enough to avoid an accident. Such a rule would make a driver guilty of negligence by the mere happening of an accident at such a point, no matter how suddenly confronted with a situation by the negligence of others, and would constitute him an insurer of the safety of pedestrians at such a place.

The following instruction was also erroneous:

"I instruct you, further, that it was the duty of the defendant to have his automobile under such control as to be able to stop the same immediately, if necessary, and therefore avoid coming into collision with the plaintiff."

And this error was not corrected by the following:

"Of course, the word immediately must be a relative term, both as to time and space. Even if you were going at the rate of five miles an hour it would take some little space of time and some distance in which to make a stop. It is a question after all of that rule which constantly comes up as to whether the party exercised reasonable care in the operation of his vehicle—that degree of care a prudent person would, and whether the party crossing the street used that degree of care."

The second part of the instruction was, in effect, a contradiction of the first part. It was not the duty of the driver, as a matter of law, to avoid a collision with plaintiff regardless of any and all circumstances.

The following instruction relative to the rule for determining the present worth of prospective damages was erroneous:

"The testimony in this case shows that the plaintiff is a man of the age of 67 years and that he has an expectancy of life of ten years, and in order to find the present worth of any sums that you find due to him and concerning which I have instructed you, he is entitled to the present worth, you will take the sum that you find and to find the present worth for one year you will multiply that sum by 1.05; for two years 1.10; for three years 1.15, and so on until you determine the present value and the present worth of this sum for the period of time that the plaintiff

probably will live. When you have found the various sums that I have instructed you are due to the plaintiff and that he is entitled to recover, you will total these amounts, and the total amount will be the amount of your verdict, if you find for the plaintiff."

The rule so stated, if applied, would enhance the prospective damages. This must have been an unintentional slip on the part of the circuit judge. However, the error appears in the record. The award for prospective damages must be reduced in measure to the present worth thereof. The rule for finding the present worth is too well understood by the profession to call for restatement.

Plaintiff first brought suit against William James Hallen, the son, and, at the trial of that case, and, we assume, before defendant entered upon his proofs, submitted to a voluntary nonsuit, and thereupon judgment was entered therein "that plaintiff take nothing by his suit, and that defendant do go thereof without day."

Under the plea in the action at bar, defendants gave notice of such adjudication, made proof thereof at the trial, and insisted, and now urge, that the judgment of nonsuit, not having been set aside, is *res adjudicata,* and this action against the defendant therein, and the other defendant herein, as a joint tort-feasor, is barred by such adjudication. A voluntary nonsuit is no adjudication upon the merits, and such a judgment is not *res adjudicata. Deneen* v. *Street Railway Co.,* 150 Mich. 235 (13 Ann. Cas. 134). See, also, 15 R. C. L. p. 984.

"A judgment of nonsuit is not, as a general rule, a judgment on the merits, and therefore it is no bar to another suit upon the same cause of action." 34 C. J. p. 781; citing cases in the Federal courts and 38 State courts.

In *Clapp* v. *Thomas,* 5 Allen (Mass.), 158, it was said:

"The nonsuit in the plaintiff's action against Littlefield is not a bar to this action for the same cause, nor would it have been a bar to a second action against him for the same cause. It is said in March on Arbitrements, 215, that a nonsuit 'is but like blowing out of a candle, which a man at his own pleasure lights again.' "

The very purpose of a voluntary nonsuit is to save a plaintiff from an adjudication of rights at such time. It would be anomalous to hold that a long-permitted right, exercised to avoid an adjudication, operates as an adjudication and bars the very thing that the law admits of so saving. If plaintiff cared to go ahead with the former case he would have had to have the judgment of nonsuit therein set aside, but in order to commence this suit he was not required to have the nonsuit set aside in the other case.

For the errors pointed out the judgment is reversed, and a new trial granted, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.