SEVERSON *v.* FAMILY CREAMERY CO.

1. MOTOR VEHICLES—NEGLIGENCE—CHARGE TO JURY—INFANTS.
In action against creamery for alleged negligent operation of its truck which resulted in death of child four years and five months old, charge of court taken as a whole *held,* to have presented issue of truck driver's negligence so the jury could not have mistaken its duty although isolated expressions in it were objectionable, where plaintiff's requests to charge as to freedom of child from contributory negligence and duty of truck driver to anticipate sudden and unexpected action from small children and guard against it were given.

2. NEGLIGENCE—STATUTORY—COMMON LAW.

Possible confusion in minds of jury caused by reference in main charge to jury to both statutory and common-law negligence *held*, cured by subsequent instruction in which court stated plaintiff relied solely upon common-law negligence, where issue was the same under either theory.

3. SAME—GREAT WEIGHT OF EVIDENCE.

In action against creamery for alleged negligence causing death of small boy, verdict for defendant *held*, not against great weight of evidence.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 5, 1934. (Docket No. 11, Calendar No. 37,542.) Decided September 18, 1934.

Case by Gilmore S. Severson, administrator of the estate of Kenneth Erland Severson, deceased, against Family Creamery Company, a Michigan corporation, for personal injuries resulting in death of plaintiff's decedent allegedly due to defendant's negligence. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Clarence P. Milligan* and *Kenneth Weber* (*Harry Slavin*, of counsel), for plaintiff.

*E. Dean Alexander* and *Harry Wickey,* for defendant.

FEAD, J. Defendant had verdict of a jury and judgment in a personal injury action.

John R. street in Hazel Park, Oakland county, runs north and south. At Bernhard street it has a 20-foot cement pavement with shoulders of crushed stone and cinders. The foot path on the west side is of cinders. About noon, December 17, 1931, Max Bernstein, driving one of defendant's milk trucks,

struck and killed Kenneth Severson, four years and five months old, at the intersection.

Bernstein testified that, as he was proceeding south on John R. street at a speed of 20 to 22 miles per hour and when a block from Bernhard street, he saw Kenneth and another boy on the cinder path near the corner of the intersection and 18 to 20 feet from the pavement; they appeared to be breaking ice formed in depressions in the cinders; when a half block away he sounded his horn but did not know whether they heard it; he slackened speed to 18 to 20 miles per hour; he continued to see the boys until he was nearly abreast of them; then he glanced to the left to a car approaching from the south and about to pass him; he looked back almost instantly and saw Kenneth running in front of his truck; he swerved to the left and applied his brakes but could not avoid striking Kenneth; the last he saw of the boys before shifting his glance to the approaching car they were on or close to the cinder path.

Another witness said Kenneth was standing a foot or two from the pavement as the truck approached, apparently waiting for the northbound car to pass, and when it passed he ran in front of the truck. Kenneth's companion said Kenneth walked diagonally across the intersection, stepped on the pavement and was struck. At all times when the truck was within a block Bernstein and the boys had a clear, unobstructed view of each other. There was evidence that Bernstein did not sound his horn.

In the charge the court gave plaintiff's request as to the freedom of Kenneth from contributory negligence and the duty of the truck driver to anticipate sudden and unexpected action from small children and to guard against it.

Plaintiff assigns many errors in the charge and failure to instruct. Isolated expressions of the

charge were objectionable. Most of the requests refused and not covered by the charge, as far as they apply to liability, were not correct statements of the law without change of language or modification. The case is one which does not lend itself to specific rules of law relative to speed, warning, crossings and the like. It presented a definite situation in which the question was whether Bernstein had exercised the care which an ordinarily prudent person would have used under the particular circumstances. The injection of rules applicable to other circumstances likely would have been confusing. The charge, as a whole, presented the issue so the jury could not have mistaken its duty.

Both statutory and common-law negligence were charged in the declaration. The court might well have made no reference to them as such in the charge because the issue was the same under either. If any confusion existed in the minds of the jury as to its duty to find violation of statute or ordinance, it was removed by colloquy at the conclusion of the charge in which the court instructed the jury that plaintiff relied upon common-law negligence, the definition of which he had already given them.

None of the witnesses was so clear and outstanding in his testimony, nor does the physical evidence so tend, that we can say the verdict was against the great weight of the evidence. As a matter of fact, the issue was peculiarly a jury question.

The other assignments have no merit and need no discussion.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.