MALONEY *v.* MOORE.

AUTOMOBILES — NEGLIGENCE — PEDESTRIANS — CONTRIBUTORY NEGLI-
GENCE—QUESTIONS FOR JURY.
  In pedestrian's action for injuries inflicted by defendants' taxi-
  cab, questions of defendant operator's negligence and plaintiff's
  contributory negligence were properly left to jury where testi-
  mony was in dispute as to whether plaintiff had just stepped

---

* 3 Comp. Laws 1929, §§ 14945, 14946 (Stat. Ann. §§ 27.1956,
27.1957).—REPORTER.

out from between cars parked at side of street paved to width of 90 feet or was but a few feet from streetcar track in the middle when hit by defendants' taxicab.

Appeal from Wayne; Martin (William H.), J., presiding. Submitted April 4, 1940. (Docket No. 44, Calendar No. 41,004.) Decided June 3, 1940.

Case by Helen Maloney against Baird Moore and Milford C. Olmstead for damages for personal injuries sustained when struck by a taxicab while crossing a city street. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Larry Middleton* and *Drexelius, Helper & Marks,* for plaintiff.

*Edward N. Barnard,* for defendants.

POTTER, J. Plaintiff, injured when struck by a taxicab operated by defendant Olmstead and owned by defendant Moore, at or near the intersection of Adelaide street and Woodward avenue in Detroit, brought suit, recovered a judgment, and defendants appeal.

Woodward avenue is approximately 90 feet from curb to curb. The injuries occurred September 10, 1937, at about 1:15 o'clock in the afternoon. The streets were dry, the weather clear. Plaintiff testified she walked to the westerly curb of Woodward avenue, that she stopped at the curb and made an observation to the north, that she walked to the easterly end of the line of parked automobiles on the west side of Woodward avenue and again observed there was no traffic for two blocks from the north on Woodward, that she started to cross Woodward avenue and had reached a point three or four

feet west of the southbound streetcar tracks when she ceased looking straight ahead and looked to the south and, after taking two or three steps, was struck by defendants' taxicab, falling forward to the ground to her injury. Defendant Olmstead testified he had been driving north on Woodward avenue with a passenger looking for Froh's bar, that he passed Adelaide street and then made a U-turn so as to deliver his passenger at Froh's bar, that after he straightened out and got in line going south after making the U-turn he went approximately a car length and a half when plaintiff stepped out from between two automobiles and was struck by the bumper and righthand front fender of his taxicab, that he was driving from 5 to 10 miles an hour and stopped the cab almost at once after plaintiff was struck.

The case presented questions of fact, particularly as to where plaintiff was when struck.

If plaintiff had reached a point west of the southbound streetcar tracks and turned to look south when struck, there was room for the verdict. But if, after defendant Olmstead made the U-turn, plaintiff stepped out from behind the line of parked automobiles and was struck by the bumper and righthand front fender of his automobile, she may have been guilty of contributory negligence. The question of defendants' negligence and plaintiff's contributory negligence was submitted to the jury under a charge with which no fault is found.

Judgment affirmed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.