## TOMAN *v.* CHECKER CAB CO.

1. DAMAGES—PERMANENT INJURIES—FUTURE PAIN AND SUFFERING.
    In action arising out of collision between plaintiff farmer's
    produce truck and defendant's taxicab at city street inter-
    section, where case was tried some 18 months after the accident
    and evidence showed plaintiff was still suffering pain, it was
    not error to submit to jury, under evidence presented, whether
    or not plaintiff would continue to suffer some pain for some
    time after the trial, the fact that there was no permanent
    injury involved not precluding a determination that there
    might be future pain and suffering.

2. SAME—GREAT WEIGHT OF EVIDENCE—PRESENT WORTH OF FUTURE
    PAIN AND SUFFERING.
    In action for damages arising from collision between plaintiff
    farmer's produce truck and defendant's taxicab, verdict for
    plaintiff for $1,000 was not error nor against great weight
    of evidence, where upwards of $700 was within range of testi-
    mony as to actual damages to plaintiff's truck, loss of load
    of vegetables, loss of earnings, and hospital and doctor bills,
    and in addition plaintiff suffered nose, face, arm, rib and leg
    injuries and fractures, the $300 remainder not necessarily
    including any allowance for future pain and suffering; hence
    failure to charge as to present worth of future damages in
    the absence of any request was inconsequential.

WIEST and SHARPE, JJ., dissenting.

Appeal from Wayne; Neuenfelt (Lila M.), J.
Submitted April 14, 1943. (Docket No. 71, Calen-
dar No. 42,314.) Decided June 30, 1943.

Case by Martin Toman against Checker Cab Com-
pany, a Michigan corporation, and Fred Lee for in-
juries sustained in an automobile accident. Cross

declaration by Fred Lee against plaintiff for damages to his taxicab. Verdict and judgment for plaintiff against Fred Lee. Defendant appeals. Affirmed.

*Dann & Atlas* (*Seymour Tilchin,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendant.

SHARPE, J. (*dissenting*). This case involves plaintiff's claim for damages resulting from an automobile collision which occurred about 3 o'clock on the morning of September 25, 1940, at the intersection of Woodward avenue and Vernor highway in the city of Detroit.

Plaintiff, Martin Toman, is a vegetable farmer, operating a farm at Milan, Michigan. On the day in question, he was driving to the city of Detroit with a load of vegetables to be sold at the Eastern Market. In Detroit, he proceeded eastward on Vernor highway. Vernor highway is intersected by Woodward avenue, a north and south street, which at this point is approximately 90 feet wide. Plaintiff alleged in his declaration and, at the trial, testified that at the intersection of Vernor highway and Woodward avenue, the green traffic light was in his favor; that he proceeded to cross Woodward avenue and had almost crossed the intersection when he was struck by defendant Fred Lee who was traveling at an excessive rate of speed in a northerly direction on Woodward avenue against the red light.

As a result of the collision, plaintiff's truck was overturned and damaged, the load of vegetables was destroyed, and plaintiff was injured. The record shows that plaintiff was hospitalized for five days, spent two weeks in bed at the home of his

brother-in-law in Detroit and two months thereafter at his own home in Milan; and that he suffered partial disability for about 18 months after the accident.

Defendant Fred Lee filed an answer to plaintiff's declaration and also filed a cross declaration in which he claimed damages to his automobile in the sum of $350.35 together with the loss of the rental value of the same for a period of seven days.

The cause was tried before a jury who returned a verdict for plaintiff in the sum of $1,000. Defendant Fred Lee appeals and contends that the trial court was in error in instructing the jury on the issues of excessive speed, inability to stop within the assured clear distance ahead, defective brakes, as provided by the ordinance of the city of Detroit, and timely and adequate warning of approach; that it was error to instruct the jury that the ordinance of the city of Detroit provided that the speed limit is 25 miles per hour in business districts; that it was error to admit evidence that plaintiff had never been hurt before in an accident; that it was error to submit to the jury the question of future pain and suffering; that it was error to submit to the jury an item of damages arising out of the loss of growing crops; that it was error to permit the impeachment of defendant Lee upon a collateral matter; and that the verdict was excessive and contrary to the great weight of the evidence.

It is a familiar rule of law that the charge as a whole must be read to determine whether there is error or not. See *Rogers* v. *Youngs,* 252 Mich. 420. In the instructions to the jury, the trial court quoted quite freely from the city ordinance relating to speed, stop signals, green and red lights, brakes and right of way. While the ordinance was not technically introduced and admitted in evidence, yet it

was declared upon by plaintiff and admitted by defendant in his answer to plaintiff's declaration. It is the rule in this State that matters conceded by the pleadings are a part of the record. See *Detroit Trust Co.* v. *Hockett,* 278 Mich. 124; *Miller* v. *General Motors Corp.,* 279 Mich. 240. Under such circumstances, it was not necessary to formally introduce the ordinance in evidence.

It is urged that the trial court was in error in giving the following instruction:

"With reference to permanent injuries, I instruct you that there is no testimony in the case that the plaintiff has sustained any permanent injuries. The only testimony given you is that he has pains in his head, arm and his side and ribs. Now, there is no definite proof or testimony that he is going to be permanently injured in any way. There has been no testimony by any doctor of broken bones or anything like that, so that if you believe he is suffering any future pain, you have the right to consider what he is entitled to—a reasonable amount for that—if you feel he is suffering any future pain."

While the declaration alleged that plaintiff suffers and will continue to suffer excruciating pain, yet there was no evidence introduced relating to future pain and suffering, nor was any instruction given concerning its present worth. Plaintiff urges that the use of the words "future pain" may have been a stenographical error; and that, at any rate, their use is not reflected in the verdict.

In *Nickels* v. *Hallen,* 247 Mich. 291, we held it was error for the trial court to give the jury an erroneous instruction relative to the rule for determining the present worth of prospective damages. In the case at bar, the trial court, by her instructions, permitted the jury to assess damages

for future pain and suffering when there was no foundation for such an item of damages. We cannot say that this erroneous instruction was not reflected in the verdict.

For the error pointed out, the judgment should be reversed and a new trial granted. Other errors have been assigned as reasons for a new trial, but in view of our holding we do not find it necessary to discuss them. Defendant Fred Lee should recover costs.

WIEST, J., concurred with SHARPE, J.

BOYLES, C. J. I do not concur in reversal. Mr. Justice SHARPE would reverse and grant a new trial on the grounds that the court erred (1) in submitting future pain and suffering to the jury as an element of damages without any proof of future pain and suffering, and (2) in failing to charge the jury as to the present worth of future pain and suffering. Essentially, both of these grounds are based upon the question whether the verdict was excessive. Mr. Justice SHARPE writes that there was no evidence introduced relative to future pain and suffering, no foundation for such an item of damages, and that therefore the court was in error in submitting future pain and suffering to the jury as an element of damages. I do not agree that there was no evidence of future pain and suffering. The trial occurred substantially 18 months after the automobile accident, and plaintiff testified:

"I have pain.   *   *   *   That arm still bothers me. When I try to do something it bothers me here (indicating left forearm). In my work sometime I have to lift bushels. Can't do it so good like used to. I am still suffering other pains in the side—ribs. Over here (indicating)—this left side.   *   *   *   It hurts when I work.   *   *   *   I am doing some work

now on the farm. I cannot do the work now in the same manner as I did it before the accident, not yet. * * * I am still suffering from pain.''

Under the foregoing record, I think it was proper to submit to the jury whether plaintiff, who was still suffering pain 18 months after the accident, would continue to suffer some pain for some time after the trial of the cause; and that the jury might consider the element of future pain and suffering in fixing damages. The trial court plainly charged the jury there was no proof of *permanent injury,* but there was still left the question of future pain and suffering, for consideration by the jury.

Mr. Justice SHARPE would also reverse because the trial court did not instruct the jury as to present worth of future pain and suffering, citing *Nickels* v. *Hallen,* 247 Mich. 291. In that case, the trial court charged the jury that the rule for determining the present worth of prospective damages was as follows: To take the sum found by the jury, *multiply* that sum by 1.05 to find the present worth for one year, by 1.10 for two years, by 1.15 for three years, and so on. Mr. Justice WIEST properly wrote this was an obvious error and mistake because present worth for future damages is determined by reducing the original sum annually during lifetime, not by increasing it. In *Weaver* v. *People's Motor Coach Co.,* 237 Mich. 274, the failure of the trial court to instruct the jury on the subject of present worth of future damages was held to be cured by remittitur of $100 from a verdict and judgment for $2,000, on the ground that it affected only the amount of verdict. In that case, approximately $1,000 actual monetary damages were proven for doctor bills, property damages and loss of earnings. This did not include anything for past pain and suffering

up to the time of trial, so that the $1,000 allowed over and above the actual damages was evidently allowed by the jury for past pain and suffering, permanent injury and future pain and suffering. As in the case at bar, the evidence of future pain and suffering was slight and inconsequential as compared to past pain and suffering. In *Brandt* v. *C. F. Smith & Co.*, 242 Mich. 217, error was assigned on the ground that the damages were excessive and complaint was made relative to the failure of the trial court to charge the jury as to the method of computing the present worth of damages for future pain and suffering. A verdict and judgment for $10,000 damages for personal injuries was held not to be excessive, provided the plaintiff filed a remittitur of $2,000 from the judgment. Thus, the grounds for reversal assigned by Mr. Justice Sharpe seem to have been considered by this court as inseparable from the question as to whether the verdict was excessive.

In the case at bar, plaintiff had verdict and judgment for $1,000. Upwards of $700 of this amount is within the range of the testimony as to actual damages for the destruction of plaintiff's truck (which was sold as junk for $45), his hospital bill, doctor bill, a load of vegetables destroyed in the accident, and loss of earnings. In addition, there was testimony that plaintiff's nose was broken in the accident, his face, arm and leg injured, and his ribs damaged or broken. He was hospitalized five days, spent two weeks in bed at the home of a relative, then most of two months in bed upon his return home. As indicated, he suffered considerable pain during the 18 months before the case was tried and was still suffering pain at the time of the trial. The jury may well have considered the $300 allowed in addition to the actual proven damages as

recoverable for pain and suffering during the 18 months before trial, without any allowance for future pain and suffering. In the lower court, the defendant did not move for a new trial on the ground that the verdict was excessive or that the court erred in charging the jury as to damages. There were no requests filed for the trial court to charge on the question of damages, consequently we have no claim of error for failure to charge as requested. At the conclusion of the charge, counsel for both parties were asked whether they had any further suggestions and replied in the negative. Passing the question whether under these circumstances this court should consider whether the verdict was excessive because of the charge, or the failure to charge on the ground of present worth for future pain and suffering, the verdict was not so great as to shock any judicial conscience and the judgment should not be set aside on the ground of excessive verdict. The failure to charge as to present worth of future damages in the absence of any request is inconsequential, did not materially affect the verdict, and was not reversible error.

I have examined the other assignments of error and find none that requires reversal. The verdict was not contrary to the great weight of the evidence and the judgment is affirmed, with costs to appellee.

CHANDLER, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred with BOYLES, C. J.