# JANUARY TERM, 1959.*

SESAN *v.* CHECKER CAB COMPANY.

DAMAGES—LEG INJURY—FUTURE PAIN AND SUFFERING—LOSS OF EARNINGS—EVIDENCE.

> Evidence presented to jury on behalf of 39-year-old plaintiff, a passenger in defendant's taxicab, *held,* sufficient to justify jury's verdict for plaintiff on issue of future pain and suffering from leg injury and loss of earnings and duration thereof, where instruction made no reference to permanent injuries or damages therefor, and evidence included medical testimony that partial atrophy of muscles in the injured leg was permanent, jury saw her walk across the courtroom and plaintiff had testified as to her earnings before injury and lessened earning capacity thereafter.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 16, 1958. (Docket No. 69, Calendar No. 47,959.) Decided January 12, 1959.

Case by Mildred Sesan against Checker Cab Company, a Michigan corporation, Arthur Powell, John A. Crawford and others for personal injuries sustained in multiple automobile collision while a passenger in taxicab. After settlement by certain parties, trial resulted in verdict and judgment for plaintiff against cab owner Powell and cab driver Crawford. Defendant Powell appeals. Affirmed.

---

\* Continued from Volume 354.

REFERENCES FOR POINTS IN HEADNOTES

15 Am Jur, Damages § 73.

Future pain and suffering as element of damages for physical injury. 81 ALR 423.

Instructions regarding measurement of damages for future pain and suffering. 85 ALR 1010, 1019.

*Piggins, Rehn, Balmer, Grigsby & Skillman,* for plaintiff.

*Vandeveer, Haggerty, Garzia & Haggerty,* for defendant Powell.

CARR, J.· Plaintiff brought this action in circuit court to recover damages for injuries sustained by her in a traffic accident. On August 14, 1954, shortly after 9 o'clock in the forenoon, she was riding in a taxicab owned by defendant Powell and driven by defendant Crawford. As the cab approached Intervale street on Wyoming, in the city of Detroit, it came in forcible contact with 2 cars owned and driven, respectively, by defendants Cooper and Schaefer. As a result plaintiff sustained a serious fracture of the right femur, in addition to lesser injuries. She claimed that each of the defendants named was guilty of negligence constituting a proximate cause of the accident and sought recovery accordingly.

Prior to trial defendants Cooper and Schaefer discharged their liability to plaintiff by paying her the sum of $8,000, each receiving as part of the transaction a covenant not to sue. For reasons not material on this appeal the case was dismissed as to the Checker Cab Company. Trial before a jury to determine the liability of defendants Crawford and Powell resulted in a verdict against them in the sum of $15,000. The record discloses that pursuant to instructions of the trial judge the amount of the verdict was fixed by deducting from the total damages as found by the jury the sum of $8,000 which plaintiff had previously received from defendants Cooper and Schaefer. Motion for a new trial was denied and defendant Powell has appealed.

In submitting the case to the jury the trial judge included the issue as to the right of plaintiff to recover for future pain and suffering and loss of earn-

ings, leaving it to the jury to determine the length of time that the injury sustained by her would continue. The jury was further charged as to the proper method of reducing damages for possible future pain and suffering and loss of future earnings to present worth. Appellant does not claim error with reference to the form in which the question of future damages was submitted but insists, as the sole ground of his appeal, that the testimony introduced on the trial was insufficient to permit an award of damages based, in part, on a claim that plaintiff would undergo future pain and suffering and decreased earning capacity.

The charge of the court as given made no reference to permanent injuries or damages therefor. The question before us is whether the proofs submitted to the jury were of such character as to justify a finding in plaintiff's behalf on the issue as outlined by the trial judge. The testimony discloses that following the accident plaintiff was hospitalized and an operation was performed on the injured right femur. The result, however, was not satisfactory, and in November, 1955, a second operation was performed involving a bone graft and fixation by means of steel plates. Following such operation plaintiff was hospitalized for approximately 11 days. Thereafter it was necessary for her to use crutches.

A medical witness who had taken part in the operation testified that he examined plaintiff on December 10, 1957, approximately 5 weeks before the date of the trial. X-rays then taken indicated a clinical healing at the fracture site. The physician testified that at the time of the examination shortly before the trial plaintiff complained of pain and discomfort in the region of the fracture, that she tired easily, and that she had difficulty in ascending stairs. The witness further testified on the basis of his examination at the time the X-rays were taken that there

was a limitation in the range of motion of the right hip of the plaintiff, and that the circumference of the right thigh was 3/4 of an inch less than that of the left thigh. Based on the condition that he found, the witness expressed the opinion that the muscular tissues on the right thigh "had not recovered their normal or pre-injury status and would therefore be somewhat weaker than the muscles on the left or normal side." The following excerpt from the testimony tends to amplify and explain the basis for the opinion expressed by the physician:

"Q. Doctor, how long would you say that this muscular weakness might possibly continue?

"A. I would think that since we are now 15 months after her last surgical procedure that this degree of atrophy might be considered permanent.

"Q. Now, by 'atrophy' you mean a wasting, do you not?

"A. Wasting, yes, sir.

"Q. So that when a leg is smaller, some of it has wasted away, so to speak?

"A. That is correct.

"Q. And that limb is weaker than the other due to the fact that the atrophy has occurred?

"A. Some atrophy, or wasted."

As a witness in her own behalf plaintiff claimed that at the time of the trial she suffered pain in the fractured limb, that she could not walk for any distance, that she could not climb stairs except by taking "one step at a time," and that she experienced difficulty in putting weight on the limb. She also gave testimony with reference to her earnings prior to the accident and at the time of the trial, indicating that her earning capacity had decreased. At the time she sustained the injury she was 39 years of age and, as she claimed, in good health. Apparently her employment was limited to housework, including the care of young children. She testified,

also, that as of the time of the trial she was unable
to leave her home for the purpose of engaging in em-
ployment, and that the limb pained her.  At the re-
quest of her counsel she walked across the courtroom
before the jury to demonstrate that she limped when
walking.  Thus the jury had the advantage of ob-
serving the plaintiff and drawing conclusions with
reference to the injured limb.

Under the proofs in the case the trial judge was
not in error in submitting to the jury the issue of
damages for possible future pain and suffering and
loss of earnings.  The medical history of the case,
particularly with reference to the operations per-
formed on the fractured limb, suggest the serious-
ness of the fracture, and the medical testimony, as
well as the testimony of plaintiff, supports the claim
that as of the time of the trial results of the injury
persisted.  Based on the proofs the jury might prop-
erly find that plaintiff would for some time in the
future undergo pain and suffering as a result of the
accident, and that her earning capacity was, because
of her physical condition, lessened to some extent.

A factual situation closely analogous to that in
the case at bar was presented in *Toman v. Checker
Cab Co.,* 306 Mich 87 (14 NCCA NS 202).  The plain-
tiff there testified on the trial that he still had pain
as a result of the injuries sustained in an automobile
collision, and that he was unable to carry on his
work as a farmer in the same manner that he did
before the accident.  Commenting on the testimony,
in affirming judgment for the plaintiff, it was said
(p 92):

"Under the foregoing record, I think it was proper
to submit to the jury whether plaintiff, who was still
suffering pain 18 months after the accident, would
continue to suffer some pain for some time after the
trial of the cause; and that the jury might consider

the element of future pain and suffering in fixing damages."

A like conclusion was reached in *McDuffie* v. *Root*, 300 Mich 286.

The judgment is affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.