DUNCAN *v.* STRATING.

1. AUTOMOBILES — PEDESTRIANS — REQUEST TO CHARGE — ASSURED CLEAR DISTANCE AHEAD.

Plaintiff pedestrian's request to charge jury relative to defendant motorist's duties with reference to the assured clear distance rule was properly declined, where the request, if given, would have instructed the jury that defendant was guilty of negligence as a matter of law, the testimony was not such as to justify such a holding and request did not conform to facts as claimed by plaintiff (PA 1949, No 300, § 627).

2. TRIAL—TRIAL JUDGE'S FAILURE TO REWRITE REQUEST TO CHARGE.

A trial judge may properly decline to give a requested charge which includes an erroneous proposition, and does not commit error in failing to rewrite the request in proper language.

3. AUTOMOBILES — PEDESTRIANS — REQUEST TO CHARGE — ASSURED CLEAR DISTANCE AHEAD.

The trial judge was not required to reframe plaintiff pedestrian's request to charge relative to defendant motorist's duties under the assured clear distance rule, where such request was tantamount to instructing jury defendant was guilty as a matter of law, evidence as to defendant's conduct and where

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5A Am Jur, Automobiles and Highway Traffic §§ 290, 291, 1098.
[2] 53 Am Jur, Trial § 525.
[4, 5] 5A Am Jur, Automobiles and Highway Traffic § 965.

accident happened was in conflict and instructions that were given fully stated the theory of plaintiff's cause of action (PA 1949, No 300, § 627).

4. SAME — EVIDENCE — REPORTS — ADMISSIONS — PHYSICAL FACTS—STATUTES—REFRESHING RECOLLECTION.
    The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and admissions made to them by drivers of motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection (PA 1949, No 300, § 624).

5. SAME—EVIDENCE—MICROFILMED NOTES OF INVESTIGATING OFFICER.
    Testimony of deputy sheriff who used microfilm of notes he had taken of his observations at scene of accident in which plaintiff pedestrian was struck by defendant motorist, to refresh his recollection of events which had occurred some 5 years theretofore was not subject to exclusion by statute barring use of reports of accidents required of motorists and garage keepers (PA 1949, No 300, § 624).

Appeal from Kent; Souter (Dale), J. Submitted June 4, 1959. (Docket No. 30, Calendar No. 47,826.) Decided November 24, 1959.

Case by William B. Duncan, Jr., against Roland Strating for personal injuries sustained when struck by automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Cornelius Wiarda,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for defendant.

CARR, J. Plaintiff was injured in a pedestrian-automobile accident occurring on 44th street in Paris

township, Kent county, at approximately 10 o'clock in the evening of August 3, 1952. During the afternoon of the day in question plaintiff, with his wife and relatives, attended a picnic held on premises located south of said street. About 8:30 in the evening he left in advance of the others in his party, walking to 44th street with the intention of taking a bus unless he was overtaken by Mrs. Duncan driving his automobile. It began to rain, and Mrs. Duncan and the remaining members of the family attending the picnic left the grounds with the intention of overtaking plaintiff.

The driver, after proceeding for some distance on 44th street, concluded that she had passed plaintiff on the road, undertook to turn around, and, in the process, drove the front end of the car into a ditch on the north side of the highway. Plaintiff had proceeded a short distance past the point, but, hearing the noise, returned and attempted to get the automobile back on the paved portion of the highway. Attempts failed, however, with the result that plaintiff telephoned a garage for a wrecker. The weather at the time was dark and rainy. Instead of remaining at the site of his automobile plaintiff walked a short distance down the road for the purpose, as he claimed, of taking shelter under a large tree on the south side of 44th street.

The Duncan car remained in such position that it projected approximately 4 feet upon the paved portion of the road, the pavement at the point being approximately 20 feet in width. The testimony was in dispute as to whether the lights were left on on the Duncan car. Plaintiff offered proof indicating that they were, which was contradicted by the testimony of a witness who had endeavored to assist in getting the vehicle out of the ditch and who testified in substance that the lights were turned off at plaintiff's direction.

Defendant was operating his automobile on the highway in a westerly direction as he approached the Duncan car. He observed it when some distance to the east and turned to his left to pass it. It was his claim that he had been driving approximately 35 miles per hour, and that he decreased his speed as he approached and passed the automobile of the plaintiff, keeping a lookout for anyone who might be in proximity to the vehicle. At that time plaintiff was, as he claimed, on his way to seek shelter under the tree referred to, with the intention of signalling the wrecker when it appeared. It was the claim of plaintiff that he had crossed the pavement, and was south of the traveled portion of the road when struck by defendant's automobile. He claimed also that another car had preceded, by a short distance, the automobile that struck him. On the other hand, it was the claim of the defendant that when he first observed plaintiff the latter was standing approximately 2 feet south of the center line of the paved portion of the highway, that he immediately applied his brakes and attempted to avoid an accident, but that his left headlight came in contact with plaintiff. On behalf of defendant it was denied that there was any automobile immediately preceding him.

The case was submitted to the jury in a charge that set forth at some length the claims of the respective parties, the trial judge carefully defining the issues as to negligence, contributory negligence, and proximate cause. Verdict was returned in favor of the defendant. A motion for a new trial was made and denied, and plaintiff has appealed, claiming reversible errors in the course of the proceeding.

As before noted, it was the claim of the plaintiff that he was off the pavement on the south side of the road at the time he was struck by defendant's car. Defendant claimed that the impact occurred near the

center of the pavement. Among other requests to charge, counsel for plaintiff submitted the following:

"It is the law of this State that a motor vehicle must be operated so as to be able to stop within the assured clear distance ahead. This means that a motorist must not drive beyond where he can see and do everything necessary to bring his motor vehicle to a stop before striking an object or a person in the roadway ahead of him. This means that he must not only be able to take his foot off the accelerator and to place it on the brake but it means that he must bring his vehicle to a stop before striking the object ahead of him within the assured clear distance ahead. This does not permit him to say that he could not see the object or person ahead of him because of the rain or the darkness because he must under penalty of being charged with negligence see what is in the road ahead of him and does not excuse him if he is going around another object. In short, he cannot drive and hit an object ahead of him within the assured clear distance ahead if it is dark or raining or the lights of an oncoming vehicle are shining. He must be able to stop within the range of his lights or beyond the lights of the oncoming vehicle before striking an object or a person in the road ahead.

"Therefore, if you find that the defendant struck the plaintiff while the plaintiff was in the highway because he did not see him in time to do everything necessary to bring defendant's motor vehicle under control and to stop it before hitting the plaintiff, his failure to do so would be a violation of the rule concerning the assured clear distance ahead and under such a finding the defendant would be negligent and if plaintiff was free of contributory negligence, your verdict will be for the plaintiff."

Presumably the request was based on the provision of PA 1949, No 300, § 627 (CLS 1956, § 257.627 [Stat Ann 1952 Rev § 9.2327]) stating that:

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead."

The trial judge declined to give the request as submitted, and, in his opinion denying a new trial, stated that he did not consider the instruction applicable under the proofs in the case and, further, that the request as worded was open to the objection that, if given, it would have instructed the jury that the defendant was guilty of negligence as a matter of law.

We are in accord with the conclusion of the trial judge that if the request had been given in the form submitted the jury might well have understood that if defendant's car struck the plaintiff "while the plaintiff was in the highway" defendant was guilty of negligence. The request was not in accord with the claim of the plaintiff as to his location at the time of the impact, and in view of the conflicting testimony in the case and the unusual circumstances under which the accident occurred the plaintiff was not entitled to an instruction that the defendant was guilty of negligence as a matter of law. That his automobile came in contact with plaintiff is not open to question.

In *Nickels* v. *Hallen,* 247 Mich 291, 295, this Court held that an instruction to the jury that "it was the duty of the defendant to have his automobile under such control as to be able to stop the same immediately, if necessary, and therefore avoid coming into collision with the plaintiff" was erroneous. In *Corpron* v. *Skiprick,* 334 Mich 311, counsel for plaintiff requested the trial judge to charge the jury that the defendant was guilty of negligence as a matter of law because he was driving at such a rate of speed that he was not able to stop within the assured clear distance ahead and failed to see the plaintiff prior to the impact. Citing *Nickels* v. *Hallen, supra,*

it was held that plaintiff was not entitled to the requested instruction under the disputed testimony as to how the accident occurred. In the case at bar, according to plaintiff's proofs and his claims on the trial he was not in front of defendant's automobile on the highway. See, also, *Paskvan* v. *Allouez Mining Co.,* 185 Mich 329; *Severson* v. *Family Creamery Co.,* 268 Mich 348; *Maloney* v. *Moore,* 293 Mich 428. In the case at bar the trial judge was not in error in declining to charge the jury in the language of the request.

The argument of counsel for appellant in his brief suggests the theory that if the request to charge as submitted was not in proper form nonetheless the court should have charged on the assured clear distance ahead rule. The theory of plaintiff's alleged cause of action was fully stated to the jury in the charge as given. No claim is made that the issues raised by the proofs were not fully covered. On the basis of the record before us we do not think that the duty rested on the trial judge to rewrite the requested instruction in such manner as to remove inaccurate statements and argumentative assertions, and to include reference to factual issues essential to a determination of the question as to defendant's negligence on the basis asserted. In *Williams* v. *City of Lansing,* 152 Mich 169, it was held that:

"A trial judge may properly decline to give a requested charge which includes an erroneous proposition, and does not commit error in failing to rewrite the request in proper language." (Syllabus 9.)

A like conclusion was reached in *Moss* v. *Shreve,* 278 Mich 665, 672, where it was said:

"It is not error for a trial court to refuse to give a request to charge which does not accurately state the law applicable to the case."

In *Rossien* v. *Berry,* 305 Mich 693, 702, an instruction was requested under the assured clear distance rule of the statute to the effect that it was the duty of the operator of an automobile to proceed at such a rate of speed that he can stop within the assured clear distance ahead and avoid striking objects upon the highway, and that such driver must avoid striking moving or stationary objects as well. The court was asked to charge the jury that if the defendant in the case did not observe the rule as so stated in the request he would be guilty of negligence. Commenting thereon it was said:

"The requested instruction as worded was not a proper statement of the law as applied to the case at bar. It purports to direct the jury to find the defendant guilty of negligence under the assured clear distance rule, unless he avoided striking an object ahead. In effect, this would instruct the jury that the defendant was guilty of negligence as a matter of law, because it was not disputed that the defendant's automobile did strike that of the plaintiffs."

See, also, *Elias* v. *Hess,* 327 Mich 323. The trial judge in the instant case was not required to reframe the request as submitted by counsel for plaintiff.

Shortly after the accident occurred a deputy sheriff of the county, who had received a radio call with reference to it, went to the scene and made an investigation of the situation. He talked with plaintiff and with Mrs. Duncan, who was a witness on the trial, making notes of what he observed and of statements made to him. The officer was called as a witness on behalf of defendant, testifying that his original pencil notes had been destroyed but that, prior thereto, they had been microfilmed. The microfilm was produced in court, and the deputy was permitted to examine it for the purpose of refreshing his recollection. It may be noted in this connection that the trial took place in November, 1957, over 5 years fol-

lowing the accident. Referring to the record that he had made, preserved in the manner indicated, the officer testified to statements made to him by Mr. and Mrs. Duncan which were at variance with their testimony on the trial. He also testified, apparently without objection, to his observations at the scene of the accident. It is claimed on behalf of appellant that such testimony was erroneously received, was prejudicial to him, and that the judgment entered should be reversed on that ground.

It was the position of counsel for plaintiff on the trial that the notes made by the deputy and microfilmed could not be used for any purpose. Apparently the objection rested on the theory that the microfilm was a statutory report intended for the furnishing of statistical information and declared not available for use in any court action by section 624 of the motor vehicle code of 1949.* Such was not the situation. We are not concerned with a report made by a party to an accident in which car damage or personal injury has occurred, but, rather, with the notes made by an investigating officer, not required by statute or otherwise, and used by such officer in testifying with reference to his observations and related matters. The question here at issue was considered at some length in *Wallace* v. *Skrzycki,* 338 Mich 164, and in prior decisions there cited.

In *Carlson* v. *Brunette,* 339 Mich 188, it was held:

"The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and admissions made

---

* PA 1949, No 300, § 624 (CLS 1956, § 257.624 [Stat Ann 1952 Rev § 9.2324]).

to them by drivers of motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection (PA 1949, No 300, § 624)." (Syllabus 2.)

The notes in question in this case, made by the deputy sheriff and used on the trial in connection with his testimony, were not subject to exclusion under the statutory provision above cited. The case was properly tried and the issues submitted to the jury in a comprehensive charge fairly covering the matters in controversy. We conclude that appellant's claims of error are not well-founded, and the judgment is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.