STEVENS *v.* MIKULICH.

1. TRIAL—CREDIBILITY OF WITNESSES.
    The jury is the judge of the credibility of the witnesses.

2. SAME—DAMAGES—REQUESTS TO CHARGE.
    In action of assumpsit which consisted of numerous disputed claims by one party against the other, failure of the trial court to charge the jury with particularity as to damages *held,* not error where there were no requests to charge proffered on the question of the measure of damages.

Appeal from Alger; Runnels (Herbert W.), J. Submitted June 8, 1939. (Docket No. 39, Calendar

No. 40,344.) Decided September 6, 1939. Rehearing denied November 9, 1939.

Assumpsit by Clayton Stevens against Louis Mikulich for sums due for lumbering operations. and labor. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*P. H. Garvin* (*L. E. Garvin,* of counsel), for plaintiff.

*C. L. Peters* (*R. W. Nebel,* of counsel), for defendant.

McALLISTER, J. Plaintiff entered into an agreement with defendant whereby defendant became indorser on a note upon which plaintiff had borrowed money from a bank to purchase a parcel of land with standing timber. It was agreed that upon payment of the note by plaintiff, he was to receive title to the land, which in the meantime was held as security for the note. Defendant also agreed to finance plaintiff's lumber operations in the way of furnishing groceries and other supplies. For such advances to plaintiff, defendant was to be paid out of the proceeds of the lumbering operations. During the course of the work, a controversy arose between the parties as to the state of their accounts and logging operations ceased. The defendant thereafter removed timber from the land, crediting plaintiff therefor. The parties were unable to agree as to the value and quantity of the timber which had been removed and as to their claims against each other. Defendant refused to deed the land to plaintiff, claiming that the note had not been paid. Plaintiff filed suit in assumpsit alleging in his bill of particulars that defendant owed him $1,860.15.

In answer to plaintiff's declaration, defendant, on the other hand, claimed that plaintiff was indebted

to him. He also contended that his agreement was not with plaintiff but with the partnership consisting of plaintiff and two other men. On the trial, the court instructed the jury that if they should find according to defendant's contention that he had dealt with a partnership, their verdict should be no cause of action as plaintiff would have no right to bring the suit individually. With regard to the separate items included in the claims of the parties, and the testimony of value, the court left to the jury the determination of which party was indebted to the other. The jury returned a verdict in favor of plaintiff in the amount of $1,135 upon which judgment was entered, and motion for a new trial was denied. Defendant appeals, claiming that the verdict was against the great weight of evidence; that it was excessive; and that the court erred in failing to instruct the jury as to the measure of damages.

On a review of the record, we are constrained to hold that there was substantial evidence to sustain the verdict. The jury is the judge of the credibility of the witnesses, and if it believed the testimony of plaintiff's witnesses, its verdict was neither excessive nor against the great weight of evidence. Aside from the question raised on the trial as to the alleged partnership, upon which the court correctly instructed the jury, the case was one consisting of numerous disputed claims by one party against the other, and in view of the fact that no requests to charge on the question of measure of damages were proffered, we cannot say that the court erred in failing to charge the jury with particularity as to damages.

Judgment affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.