HARRIS *v.* WIENER.

1. DAMAGES—PERMANENT INJURIES—REQUEST TO CHARGE—EVIDENCE.
   Alleged error in failure to give defendants' request to charge that there was no competent proof of permanent injuries sustained by plaintiff in automobile accident *held,* not prejudicial, where declaration which claimed permanent injuries had been sustained was not before jury, plaintiff's request to charge embracing claim for permanent injuries was not given, defendant conceded plaintiff might properly have claimed future damages not including permanent injuries, and evidence adduced presented a jury question as to whether plaintiff sustained permanent injuries.

2. SAME—BACK INJURY—MORTALITY TABLE—DOMESTIC SERVANT—EARNING CAPACITY.
   Prejudicial error *held,* not to have resulted from permitting jury to consider mortality tables in connection with assessment of damages in case arising from automobile accident in which plaintiff sustained injuries to her back that made it inadvisable to return to work as a domestic servant, where size of verdict

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Damages § 377.
[2] 15 Am Jur, Damages § 339.
[3] 15 Am Jur, Damages § 88 *et seq.*

was such as to indicate jury had not used the tables in connection with plaintiff's loss of earning capacity.

3. SAME—PERSONAL INJURIES—EARNING CAPACITY.

The correct measure of damages for personal injuries affecting loss of earnings is loss of earning capacity.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 6, 1961. (Docket No. 49, Calendar No. 48,563.) Decided March 1, 1961.

Case by Pink Rose Harris against John P. Wiener and M. E. Baker for personal injuries resulting from automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*I. Goodman Cohen,* for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr,* for defendants.

DETHMERS, C. J. Defendants appeal from judgment on a jury verdict of $12,500 for plaintiff for injuries sustained in an automobile accident.

After the accident plaintiff was taken directly to a hospital. She was suffering pain in the lower part of her back. She was released from the hospital the following morning and instructed to go home and stay in bed. Two days later she was returned, by ambulance, to a hospital where she remained for 11 days and received treatments by an orthopedic specialist. At time of trial, 14 months later, she testified that she still had back pains, had difficulty sleeping at night and had to lie on boards in her bed, that she could do little work other than to help washing dishes, that it took her about an hour to make a bed because moving around caused her great pain, that she needed a cane to support her while walking because without it recurring pains would cause her to fall, and that she was still seeing her doctor. Her physician testified that plaintiff's injuries were of a

disabling nature, that he was still treating her, that shortly before time of trial he had noted a slight restriction of hyperextension of her spine which might be a cause of her pain, that he had found tenderness on the mid-lumbar spine down to the lumbosacral joint, that he did not think her condition was amenable to surgery, that it was chronic, that he was unable to say when she would be better, that she might have recurrences in the future if she overstrained, that, based on her continuing complaints, he would not recommend her going back to her former work as a domestic, and that he had no reason to suspect that her complaint was without foundation.

Prior to injury, plaintiff had worked 2 or 3 days a week as a domestic, for $7 per day, plus a 40¢ bus fare allowance. Her medical expenses, to time of trial, totalled $479.54, costs of needed household help $364, and, so she claimed, she had suffered $2,100 loss of earnings up to that time.

Defendants claim as error (1) the court's refusal to give their request to charge the jury that there was no competent proof of permanent injuries and that no sum was to be awarded therefor, (2) an instruction that they might consider the mortality tables, and (3) denial of their motion for new trial.

Defendants concede that failure to give the requested charge would not have constituted error if plaintiff had limited her claims to future damages but not including a claim for permanent injuries. They then point to the fact that in her declaration and, again, in one of her requests to charge, not given by the court, claim was made of permanent injuries. However, inasmuch as the declaration was not before the jury and the mentioned requested charge was not given, it is difficult, in view of defendants' concession, to discern prejudicial error in the failure to give defendants' request to charge. Furthermore,

the evidence as to plaintiff's injury, as above recited, was ample to give rise to a possible inference of permanent injuries. At least a jury question with respect thereto was thereby presented. Consequently, to have charged as defendants requested, would have been erroneous.

Under the circumstances, an instruction as to the jury's permissible use and consideration of the mortality tables was not in error. In *Baker* v. *Mohl,* 191 Mich 516, where the showing of permanency of a physical condition was no greater than in this case, this Court held the mortality tables properly admitted. At all events, no prejudice resulted inasmuch as it is evident, from the size of the verdict and plaintiff's out-of-pocket expenses and prior earning capacity, that the jury did not award damages based on the assumption of disability and loss of such earning capacity for 24.42 years, which the mortality tables disclosed to be plaintiff's life expectancy. Defendants' contrary conclusion is planted, in part apparently, on the theory that damages for loss of earnings should have been allowed only on the basis of earnings from 2 or 3 days' work per week because that was the number of days plaintiff had been accustomed to work in the past. The correct measure of damages, however, is loss of earning capacity. In this case the jury properly could have concluded that, before injury, plaintiff could have worked a full week regularly. In such case her earning capacity must be computed on that basis. See *Miller* v. *Pillow,* 337 Mich 262, and cases therein cited.

What we have written disposes of defendants' contentions with respect to denial of their motion for new trial.

Affirmed. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.