PRINCE v. LOTT.

1. ASSAULT AND BATTERY—DAMAGES—EVIDENCE.
    Plaintiff's testimony and medical testimony adduced on his behalf relative to the seriousness and permanence of his injuries and disability adduced in jury action arising from assault by defendants must be considered notwithstanding evidence tending to detract from plaintiff's claims.

2. DAMAGES—EVIDENCE—QUESTION FOR JURY—FUTURE PAIN AND SUFFERING—LOSS OF EARNINGS.
    Plaintiff's testimony as to his physical condition and suffering during the 2 years between time of assault and battery by defendants and the trial and then continuing and medical testimony that his condition could be permanent *held*, sufficient to raise a jury question as to the question of future pain and suffering and loss of earning capacity, and, under proper instructions, sufficient to permit the jury to find for plaintiff on such elements of damage.

3. SAME — LOSS OF EARNINGS — IMPRISONMENT — INSTRUCTIONS — REQUEST TO CHARGE.
    Claim that trial court erred in not instructing jury on issue of element of damages as to loss of future earnings that

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery §§ 204–229.
[2] 6 Am Jur 2d, Assault and Battery §§ 180, 181, 183, 184.
[3] 15 Am Jur, Damages §§ 377, 380.
[4] 4, 5 Am Jur 2d, Appeal and Error §§ 397 *et seq.*, 624–627.

when instructing as to use of mortality tables the jury should have taken into account plaintiff's record of past imprisonment, propensity for committing crimes, lack of desire to earn, and possible inability to earn in the future if or while imprisoned *held*, not well-founded, where defendants requested no such charge and would not have been entitled to it had such a request been made, since damages for loss of earning capacity are not what plaintiff *would* have but what he *could* have earned but for the injury inflicted by defendants.

4. APPEAL AND ERROR—ARGUMENT TO JURY—FAIR TRIAL—RECORD.
   Claim that trial court unduly restrained defendants from making objections to statements of plaintiff's counsel during argument, and permitted plaintiff's counsel to make improper argument and denied a fair trial to defendants *held*, not substantiated under record presented on appeal from verdict and judgment for plaintiff in action for damages for assault.

Appeal from Genesee; Parker (Donn D.), J. Submitted January 10, 1963. (Calendar No. 23, Docket No. 49,235.) Decided April 5, 1963.

Case by William Prince, Jr. against James Lott, Neville Donovan, Frank Sarginson, and others, doing business as Flint Bonding Company, for injuries sustained in assault and battery. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Earl T. Prosser* and *Charles R. Cole* (*David Gooze,* of counsel), for plaintiff.

*Joseph H. Delaney* and *Jerome F. O'Rourke,* for defendants.

DETHMERS, J. Defendants appeal from a $15,000 verdict and judgment against them in favor of plaintiff for injuries and damages resulting from his having been beaten by them. Claims of error go largely to the question of damages.

Did the court err in permitting the jury to consider future pain and suffering and future loss of

earnings or diminished earning capacity in computing damages? Plaintiff testified that he was pistol-whipped about the face and head; that he bled from the mouth; that he was knocked down, the back of his head striking the floor; that he was "knocked blind" for about 30 minutes; that he was knocked against a wall and again struck on both sides of the head; that after the beating he experienced a terrific, sharp, shooting pain running over the right side of his face, right eye and neck; that his face was swollen and bleeding and several teeth were knocked loose; that he had had pain and been under medical care ever since, till time of trial almost 2 years after the attack; that till time of trial great facial pain and paralysis has resulted whenever he stoops, bends, exercises or does manual labor; that such paralysis sometimes lasts for as long as a week, during which he cannot hold food in the paralyzed side of his face; that every 2 weeks he renews a prescription for codeine, which he constantly takes for pain and that before the beating he had never suffered those pains; that at time of trial he was no longer able to perform labor as he had before the injury. His brothers and sister-in-law gave testimony in confirmation of the above. Plaintiff testified that before injury he had earned as much as $5,000 per year as a carpenter, and that he no longer could do such work.

A medical doctor testified that he examined plaintiff about a month after the injury occurred; that a diagnosis was made of Bell's palsy or paralysis of the right facial nerve; that the condition could have been caused by trauma or localized injury to the nerve; that plaintiff was referred by him to a neurosurgeon who, about half a year after the injury, found a painful area over the left second vertebra; that a greater occipital nerve block operation was performed; that plaintiff was reported by the surgeon to have remained unchanged, with hyperes-

thesia over the second cervical vertebra distribution
and pain on palpation of the greater occipital nerve;
that in his opinion plaintiff had a severe psychoso-
matic syndrome, which can cause real pain and
paralysis which would come and go, and that the
duration was indefinite.

A psychiatrist testified that he first examined
plaintiff about 1–1/2 years after the injury and that
plaintiff's symptoms could be the result of trauma
and that it could be a permanent condition.

There was evidence tending to detract from plain-
tiff's claims as to the seriousness and permanence
of his injuries and disability, but the above must be
considered in determining whether the court erred
in permitting the question of future pain and suffer-
ing and loss of earning capacity to go to the jury.
We think that it sufficed to give rise to a jury ques-
tion of fact on those questions. Defendants say the
proofs do not meet the adequacy test laid down in
*Brininstool* v. *Michigan United Railways Co.,* 157
Mich 172, 180, and *Gilson* v. *Bronkhorst,* 353 Mich
148, namely, that to entitle plaintiff to recover dam-
ages "for apprehended future consequences of an
injury, there must be such a degree of probability of
such consequences as to amount to reasonable cer-
tainty that they will result from the original injury."
In the instant case the court expressly instructed the
jury that they might allow damages only for future
consequences "which it is reasonably certain he will
suffer in the future that is the natural and proximate
result of the injury". The instruction is as favor-
able to defendants as they had any right to expect
and squares with the cited cases. Plaintiff's testi-
mony as to his physical condition and suffering dur-
ing the 2 years leading up to trial and then still
continuing, and the medical testimony that his con-
dition could be permanent were sufficient to permit
the jury, under the proper instructions which were

given, to find for plaintiff on those elements of damage. See further, in support of this view, *McDuffie* v. *Root,* 300 Mich 286, *Toman* v. *Checker Cab Co.,* 306 Mich 87 (14 NCCA NS 202), and *King* v. *Neller,* 228 Mich 15.

Defendants urge that the court erred in instructions on the matter of loss of future earnings. They point out that at time of trial plaintiff was serving a sentence in prison and had done so on previous occasions upon convictions of criminal offenses. So defendants say that, although they had made no such request, the court, when instructing in this connection about the permissible use of mortality tables, should have charged the jury also to take into account plaintiff's record of past imprisonment, propensity for committing crimes, lack of desire to earn, and possible inability to earn in the future if or while imprisoned. Defendants requested no such charge.

"In action of assumpsit which consisted of numerous disputed claims by one party against the other, failure of the trial court to charge the jury with particularity as to damages *held,* not error where there were no requests to charge proffered on the question of the measure of damages." *Stevens* v. *Mikulich,* 290 Mich 345 (syllabus 2).

Defendants would not have been entitled to an instruction of the kind suggested had they requested it because the factor to be considered in determining such damages is not what plaintiff would have but what he could have earned but for the injury. It is the loss of earning capacity for which damages are to be awarded. *Norris* v. *Elmdale Elevator Co.,* 216 Mich 548; *Miller* v. *Pillow,* 337 Mich 262; *Harris* v. *Wiener,* 362 Mich 656.

Defendants also complain that they were unduly restrained by the court from making objections to statements of plaintiff's counsel made during argu-

ment, that the court erred in permitting plaintiff's counsel to make improper argument, and that the court's conduct of the trial constituted a denial of a fair trial to defendants. Having to do only with the particular facts and circumstances then existing in the case, no precedential purpose would be served nor would any benefit accrue to bench, bar or the public from recounting the exchanges between counsel and between them and the court and the rulings made in this connection. We have examined those matters of which complaint is made and conclude that no prejudicial error occurred, that defendants received a fair trial and that no miscarriage of justice resulted.

Affirmed. Costs to plaintiff.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, and O'Hara, JJ., concurred.

Otis M. Smith, J., did not sit.