OUELLETTE v KENEALY

Docket No. 67668. Submitted November 16, 1983, at Detroit.—Decided November 13, 1984.

Plaintiff, Betty M. Ouellette, brought an action in Wayne Circuit Court against John E. Kenealy for damages for injuries received in an automobile accident. The jury found in favor of plaintiff but reduced her award by 40% because of her own negligence. The trial court, Charles S. Farmer, J., denied plaintiff's motion for a new trial. Plaintiff appealed, alleging that the trial court erred by instructing the jury that damages for noneconomic losses were recoverable only for periods during which the plaintiff suffered serious impairment of body function and by withdrawing from jury consideration the issue of the loss of earning capacity. *Held:*

1. The trial court erred in its instruction concerning noneconomic loss. An injured person who has established that he or she suffered serious impairment of body function may recover all of his or her noneconomic losses including those incurred in the time after the serious impairment of body function has ceased. The error requires reversal because the jury may have relied on the instruction to limit the plaintiff's recovery.

2. The trial court did not err by withdrawing the issue of loss of earning capacity. "Loss of earning capacity" is not included in the statutory definition of "work loss" under the no-fault act.

Reversed and remanded.

1. Statutes — No-Fault Insurance — Judicial Construction.

The no-fault automobile insurance act, being a statute in derogation of common law, is to be strictly construed.

---

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobile Insurance § 34.
 73 Am Jur 2d, Statutes § 287.
 Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance §§ 349, 358.
 What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.
[3] 7 Am Jur 2d, Automobile Insurance § 361.

2. TORTS — NO-FAULT INSURANCE — NONECONOMIC LOSSES.

> An injured person, once he has established that he has suffered serious impairment of body function so as to be able to proceed with a tort claim rather than having to rely solely on automobile no-fault insurance benefits, may recover all his noneconomic losses including those incurred in the time after his serious impairment of body function has ceased (MCL 500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — LOSS OF EARNING CAPACITY.

> Damages for loss of earning capacity are not recoverable under the no-fault automobile insurance act; the act's allowance of recovery for "work loss" does not include "loss of earning capacity" (MCL 500.3135[2][c]; MSA 24.13135[2][c]).

*Lacey & Jones* (by *Phillip G. Rosenberg),* for plaintiff.

*Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* for defendant.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

PER CURIAM. Plaintiff brought suit to recover for injuries incurred in an auto accident. A jury found damages of $4,000 for serious impairment of body function and/or permanent serious disfigurement but reduced the award by 40% due to plaintiff's own negligence. From denial of her motion for a new trial, plaintiff appeals as of right.

Plaintiff contends that the trial court erred in instructing the jury that damages for noneconomic loss were recoverable only for periods during which plaintiff suffered serious impairment of body function. We agree. The instruction was in accordance with *Rusinek v Schultz, Snyder & Steele Lumber Co,* 98 Mich App 380, 385; 296 NW2d 262 (1980), *rev'd on other grounds* 411 Mich 502; 309

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 163 (1981), *reh den* 412 Mich 1101 (1981), which held that serious impairment of a body function was a limitation on recovery as well as a threshold requirement. The *Rusinek* Court based its decision on two reasons underlying the no-fault act: (1) the problems incident to excessive litigation and (2) the problems of overcompensation of minor injuries and undercompensation of serious injuries. *Rusinek, supra,* was the only case available on the controlling law at the time of trial in the instant case. Thereafter a panel of this Court, strictly construing the no-fault act because it is a statute in derogation of the common law, took exception to *Rusinek. Incarnati v Savage,* 122 Mich App 12; 329 NW2d 790 (1982), *lv gtd* 418 Mich 880 (1983). We approve of the analysis in *Incarnati, supra,* and conclude that the instructions were improper. We reverse because the jury may well have limited plaintiff's damages pursuant to the instruction.

We address at length only one of plaintiff's remaining issues. Plaintiff has assigned error to the withdrawal from the jury of the issue of loss of earning capacity. The trial court ruled that, as a matter of law, plaintiff had not offered sufficient evidence. We affirm on the basis that damages for loss of earning capacity are not recoverable under the no-fault act. MCL 500.3135(2); MSA 24.13135(2) abolishes tort liability with certain exceptions. One exception is for damages for work loss as defined in §§ 3107 to 3110 in excess of the daily, monthly and 3-year limitations contained in those sections. It is now well established that "work loss" as used in §§ 3107 and 3107a excludes loss of earning capacity. *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146, 150-152; 350 NW2d 233 (1984), *Gerardi v Buckeye Union Ins Co,* 89 Mich App 90, 93; 279 NW2d 588 (1979). We therefore conclude

that "work loss" in § 3135(2)(c) also excludes loss of earning capacity.

"Loss of earning capacity" is what an injured person *could* have earned but for the injury. *Prince v Lott,* 369 Mich 606, 610; 120 NW2d 780 (1963). "Work loss" is loss of income from work an injured person *would* have performed if he had not been injured. MCL 500.3107(b), 500.3135(2)(c); MSA 23.13107(b), 24.13135(2)(c).

We disagree with *Argenta v Shahan,* 135 Mich App 477; 354 NW2d 796 (1984), which held that the plaintiff, who could not receive work loss benefits because his income exceeded the statutory allowance, could recover for loss of earning capacity in a tort action. We believe that the proper relief is damages for work loss pursuant to § 3135(2)(c) of the no-fault act.

We are not persuaded otherwise by the statement in *Cassidy v McGovern,* 415 Mich 483, 499; 330 NW2d 22 (1982), that, "[f]or economic losses beyond those for which payment was assured, the traditional tort remedy was left intact" by § 3135(2)(c). Since the section must be interpreted consistently with the definition of "work loss" later given by the Supreme Court in *MacDonald, supra,* p 151, the statutory remedy is more restrictive than the traditional remedy for "loss of earning capacity".

We find no merit in the remaining issues and omit any discussion of them in light of our decision to reverse.

Reversed and remanded for new trial.