COCHRAN v MYERS

Docket No. 77854. Submitted February 5, 1985, at Grand Rapids.— Decided November 4, 1985. Leave to appeal applied for.

Plaintiff, Carol A. Cochran, brought an action against defendant, Francis Myers, for damages for injuries received in an automobile accident. The Manistee Circuit Court, Charles A. Wickens, J., entered a judgment on a jury verdict. The jury awarded plaintiff nothing on her claim of serious impairment of body function but awarded plaintiff work-loss benefits for a period in excess of the 3-year limitation contained in the no-fault act. Defendant appealed, alleging several errors. *Held:*

1. The jury's finding that plaintiff had not suffered serious impairment of body function but that the injury did prevent her from working was neither factually inconsistent nor legally impermissible.

2. Defendant's failure to object at trial to allegedly prejudicial and nonresponsive testimony precludes reversal on that issue absent manifest injustice. In this case no manifest injustice is presented by allowing the testimony to stand, and reversal is not required.

3. The award of $125,000 for wage loss was not against the great weight of the evidence. The trial court did not abuse its discretion in denying defendant's motion for *remittitur.*

4. The trial court's failure to serve the parties with a pretrial summary does not require reversal. Defendant did not request the summary from the trial court, and there was no allegation of a waiver by plaintiff of the right to present certain evidence at the pretrial conference.

5. Defendant was not prejudiced by the trial court's refusal to

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Automobile Insurance §§ 349, 358.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[2] Am Jur 2d, Automobile Insurance § 361.

[3] Am Jur 2d, Appeal and Error §§ 545 *et seq.*

[4] Am Jur 2d, Pretrial Conference §§ 29, 30.

See the annotations in the ALR3d/4th Quick Index under Preliminary or Pretrial Matters.

grant a directed verdict or a summary judgment on plaintiff's claim of serious impairment of body function.

6. The no-fault act allows a deduction from wage loss damages for the amount of income tax plaintiff would have paid on the income recovered, but defendant failed to present any evidence concerning the plaintiff's tax status. Therefore, there was no factual basis for reducing the award.

Affirmed.

1. Insurance — No-Fault Act — Serious Impairment of Body Function.

"Serious impairment of body function", for purposes of the no-fault automobile insurance act, includes only the serious impairment of an important body function and only objectively manifested injuries (MCL 500.3135[1]; MSA 24.13135[1]).

2. Insurance — No-Fault Act — Work Loss Benefits.

An injured person may receive damages for allowable work loss in excess of the daily, monthly, and 3-year limitations in the no-fault act without any reference to the type or extent of injury suffered; therefore, it is both legally and logically possible for a person to be entitled to work loss benefits without being entitled to noneconomic losses because of a serious impairment of body function (MCL 500.3135[2][c]; MSA 24.13135[2][c]).

3. Appeal — Evidence — Preserving Question.

The Court of Appeals will not reverse a trial court on the basis of allegedly prejudicial and nonresponsive testimony at trial where the testimony was not objected to at trial unless the failure to reverse would result in manifest injustice.

4. Trial — Pretrial Summary — Court Rules.

The failure of a trial court to serve a pretrial summary on the parties as required by court rule does not require reversal where the parties did not request the summary from the trial court (GCR 1963, 301.3).

*Donald G. Jennings,* for plaintiff.

*Coulter, Cunningham, Davison & Read* (by *Richard A. Griffin),* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and G. R. DENEWETH,* JJ.

PER CURIAM. Defendant appeals as of right from a jury verdict and judgment awarding plaintiff $125,000 for work loss in excess of the 3-year limitation contained in the personal protection provisions of the no-fault act, MCL 500.3135; MSA 24.13135.

On appeal, defendant first argues that reversal is required because the jury's conclusion that plaintiff suffered work loss under MCL 500.3135; MSA 24.13135 is factually inconsistent with the jury's concurrent finding that plaintiff had not suffered a serious impairment of body function pursuant to the same statutory provision. We disagree. The Legislature specifically provided that an injured person must establish that he or his decedent has suffered death, serious impairment of body function or permanent serious disfigurement to be entitled to *noneconomic* loss under the no-fault act. MCL 500.3135(1); MSA 24.13135(1). Serious impairment of body function has been stringently defined to include only the serious impairment of an important body function and to include only "objectively manifested injuries". See *Wolkow v Eubank,* 139 Mich App 1, 5; 360 NW2d 320 (1984), citing *Cassidy v McGovern,* 415 Mich 483, 503; 330 NW2d 22 (1982). However, MCL 500.3135(2)(c); MSA 24.13135(2)(c) provides that an injured party may receive damages for allowable work loss in excess of certain daily, monthly, and 3-year limitations without any reference to the type or extent of injury suffered. Thus, it is both legally and logically possible for a person to be entitled to work loss benefits without being entitled to noneconomic losses. See *Bradley v Mid-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Century Ins Co,* 409 Mich 1, 61-62; 294 NW2d 141 (1980), and *Workman v DAIIE,* 404 Mich 477, 508-509; 274 NW2d 373 (1979).

In this case, plaintiff presented expert evidence that she had suffered a soft-tissue injury known as chronic myofascitis, an inflammatory condition of the muscle and connective tissue in the back. Plaintiff's medical expert testified that although he was satisfied from his examination that plaintiff indeed suffered from this condition, objective evidence of the injury had not been revealed by x-rays or other objective tests. The jury properly rejected this injury as the basis for a finding of serious impairment of a body function.[1] However, there was both expert and lay testimony which, if believed, established that plaintiff would be unable to work at her former profession for at least 3 to 5 years from the date of the accident because of the significant pain which had resulted from her injury. The jury may well have concluded that no particular important body function had been seriously impaired, but that the pain suffered by plaintiff prevented her from working. We do not find this to be factually inconsistent or legally impermissible.

[1] The jury was instructed as follows on serious impairment of body function:

"The law in the State of Michigan provides that a Plaintiff may recover non-economic loss damages in this case if she suffered serious impairment of a body function based upon the evidence of this case. Based upon the evidence in this case, you must decide whether the Plaintiff has suffered an impairment of a body function and if so, whether that impairment was serious. Serious impairment of a body function requires the impairment of an important body function. The impairment need not be permanent to be serious. The terms serious, impairment and function have no special or technical meaning in the law and should be considered by you in their ordinary common sense usage. The operation of the mind and of the nervous system are body function. Mental or emotional injury which is caused by physical injury, or mental or emotional injury not caused by physical injury but which results in a physical symptom, may be a serious impairment of a body function."

Defendant next argues that reversal is required because both plaintiff and her daughter interjected highly prejudicial and nonresponsive testimony into the trial. As defendant did not object to either of the statements for which he now seeks reversal, this Court will not reverse the judgment unless the failure to do so would result in manifest injustice. *Deeb v Berri,* 118 Mich App 556, 562; 325 NW2d 493 (1982). We do not find manifest injustice on this record. Both defendant and plaintiff raised the issue of plaintiff's conduct immediately following the accident as a means of establishing the nature and extent of plaintiff's injuries. Defendant clearly sought to establish that plaintiff could not have been seriously injured because she "left the scene of the accident" and was able to raise and fire a rifle. In response to this, plaintiff and her daughter testified that plaintiff fled the scene of the accident and armed herself with a rifle, which she subsequently fired, because of her fear that defendant was "out to get her". In addition, the comments by plaintiff that defendant had "put bullets through his last girlfriend's house" and that defendant had spent "about seventy-five days in a mental institution" were, although technically nonresponsive, clearly brought about by defense counsel's questions on cross-examination. We do not find error requiring reversal.

Defendant also contends that the jury verdict of $125,000 for wage loss is against the great weight of the evidence or that it requires *remittitur.* We disagree. Plaintiff's medical expert testified that he expected her to suffer pain for at least 3 to 5 years from the date of injury, and stated that some individuals with chronic myofascitis had pain that lasted twice that long. The expert also testified that individuals who continue to be uncomfortable two years after the time of injury have a problem

more chronic than average (plaintiff was to be included in this group) and that he could not say whether or not her symptoms would improve significantly in a few years or continue indefinitely. Both the physician's and plaintiff's testimony supported a finding that plaintiff could no longer perform her former job because of the pain from her injury. Although there was contradictory evidence presented by defendant, the jury's verdict was not against the great weight of the evidence nor was there an abuse of discretion by the trial court in refusing to grant defendant's motion for *remittitur.*

Defendant next argues that reversal is required because the trial court failed to serve a pretrial summary on the parties as required by GCR 1963, 301.3. As defendant did not request the summary below, he may not now claim prejudicial error from the court's failure to serve the summary. *Sampeer v Boschma,* 369 Mich 261; 119 NW2d 607 (1963). In addition, defendant has not alleged that plaintiff waived her right to present the evidence of Barbara Cochran or photographs of plaintiff's back at the pretrial conference. GCR 1963, 301.3 would, therefore, have permitted the use of this evidence at trial even had defendant requested the summary.

We also find that defendant's next claim, that the trial court's failure to grant a directed verdict or summary judgment on plaintiff's claim of serious impairment of body function requires reversal of plaintiff's work loss verdict, is without merit. Whether or not defendant was entitled as a matter of law to a directed verdict on the serious impairment claim, defendant was not prejudiced by the failure to grant it. The jury returned a verdict of no cause of action on the serious impairment claim

and heard no additional testimony by plaintiff after the directed verdict was requested.

Defendant next contends that defendant is entitled to *remittitur* for the amount of income tax plaintiff would have paid on the income recovered pursuant to her claim for work loss benefits. MCL 500.3135(2)(c); MSA 24.13135(2)(c) provides for such a deduction. However, in this case, defendant failed to present any evidence concerning plaintiff's prospective tax status. We, therefore, find that there was no factual basis for reducing the award. *Gorelick v Dep't of State Hwys,* 127 Mich App 324, 342-344; 339 NW2d 635 (1983); *Longworth v Dep't of State Hwys,* 110 Mich App 771, 783-784; 315 NW2d 135 (1981).

Affirmed.