OUELLETTE v KENEALY

ARGENTA v SHAHAN

Docket Nos. 75371, 74598. Argued June 25, 1985 (Calendar Nos. 30, 31).—Decided December 10, 1985.

Betty M. Ouellette brought an action in the Wayne Circuit Court against John E. Kenealy, seeking damages for injuries suffered in an automobile accident and for loss of earning capacity resulting from the injuries. The court, Charles S. Farmer, J., entered judgment on a jury verdict for the plaintiff. The Court of Appeals, WAHLS, P.J., and D. E. HOLBROOK, JR., and ROBINSON, JJ., reversed, generally, but affirmed the decision of the trial court withdrawing consideration by the jury of the issue of loss of earning capacity on the ground that such damages are not recoverable under the no-fault act (Docket No. 67668). The plaintiff appeals.

Robert Argenta brought an action in the Wayne Circuit Court against Opal Shahan, seeking damages arising out of injuries received in an automobile accident, including damages for loss of earning capacity. The court, Harold M. Ryan, J., entered judgment on a jury verdict for the plaintiff, but granted remittitur, reducing the amount of damages. The Court of Appeals, T. M. BURNS, P.J., and HOOD and DEMING, JJ., affirmed in an opinion per curiam, holding that damages for loss of earning capacity are recoverable where the plaintiff suffers a serious impairment of body function (Docket Nos. 66840, 66927). The plaintiff appeals, and the defendant cross-appeals.

In an opinion by Justice LEVIN, joined by Chief Justice WILLIAMS and Justices RYAN, BRICKLEY, CAVANAGH, and BOYLE, and by Justice RILEY in *Argenta* only, the Supreme Court *held:*

Damages for loss of earning capacity are not recoverable in tort under the no-fault act.

Under the no-fault act, economic damages, including damages for loss of earning capacity, are recoverable in tort for actual loss of income from work an injured person would have

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Automobile Insurance § 361.

See the annotations in the ALR3d/4th Quick Index under No-Fault Insurance.

performed but for the injury in excess of limitations provided in the act. Such damages are not recoverable for loss of earning capacity.

*Ouellette,* affirmed.

*Argenta,* reversed.

141 Mich App 562; 367 NW2d 353 (1984) affirmed.

135 Mich App 477; 354 NW2d 796 (1984) reversed.

Justice RILEY took no part in the decision of *Ouellette.*

INSURANCE — AUTOMOBILES — NO-FAULT — ECONOMIC DAMAGES — LOSS OF EARNING CAPACITY.

Under the no-fault act, economic damages, including damages for loss of earning capacity, are recoverable in tort for actual loss of income from work an injured person would have performed but for the injury in excess of limitations provided in the act; such damages are not recoverable for loss of earning capacity (MCL 500.3107, 500.3135; MSA 24.13107, 24.13135).

*Lacey & Jones* (by *Phillip G. Rosenberg*) for plaintiff Ouellette.

*Law Offices of Frederick W. Lauck, P.C.* (by *Frederick W. Lauck*), for plaintiff Argenta.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Sarah Wildgen Sweet*); (*Gromek, Bendure & Thomas,* by *Nancy L. Bosh,* of counsel) for defendant Kenealy.

*Law Offices of Daniel Zolkower* (by *Conrad J. Ceglowski*) for defendant Shahan.

LEVIN, J. We granted leave to appeal in these cases to resolve a conflict in the Court of Appeals concerning whether damages for loss of earning capacity are recoverable in tort under the no-fault automobile liability act.[1] We hold that such damages are not recoverable.

In *Ouellette v Kenealy,* 141 Mich App 562, 564; 367 NW2d 353 (1984), the Court of Appeals af-

---

[1] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

firmed the decision of the trial court withdrawing the loss of earning capacity issue from the jury on the basis that such damages are not recoverable under the no-fault act. It declined to follow the decisions of another panel in *Argenta v Shahan,* 135 Mich App 477; 354 NW2d 796 (1984).

In *Argenta v Shahan,* the Court of Appeals, affirming a special verdict reduced by remittitur for damages for loss of earning capacity, held that damages for loss of earning capacity are recoverable where the plaintiff suffers a serious impairment of body function.

The no-fault act, in § 3135, abolishes tort liability arising from the ownership, maintenance, or use of a motor vehicle except, in relevant part, as to "[d]amages for noneconomic loss" "if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement," and "[d]amages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 and 3110 in excess of the daily, monthly, and 3-year limitations contained in those sections."[2]

It thus appears that under the no-fault act, damages for loss of earning capacity are not damages for noneconomic loss recoverable if the injured person is found to have suffered serious impairment of body function.[3] Damages for work

[2] MCL 500.3135; MSA 24.13135.

[3] In this connection, we note that Senator Faxon proposed that the words "work loss" be changed to "loss of earning capacity." The amendment was not adopted. Senator Faxon then filed a protest which reads, in part:

"[T]he formula for reimbursement of an injured party is based upon loss of wages, rather than the loss of earning capacity, as I proposed as an amendment. By basing remuneration on the loss of income at the time of the accident, persons who are unemployed, seasonally employed, or who are housewives or senior citizens may not be adequately compensated. Only employed persons are eligible for adequate compensation. The formula is basically inequitable and discriminatory, and possibly subject to legal challenge as a denial of equal protection of the law." 1972 Senate Journal 1404.

loss, as defined in § 3107, in excess of the daily, monthly, and three-year limitations are, however, recoverable in tort under the no-fault act without regard to whether the injured person suffered death, serious impairment of body function, or permanent serious disfigurement.

Section 3107 of the no-fault act provides that personal protection benefits are payable for "work loss" consisting of "loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured . . . ."[4]

In *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146; 350 NW2d 233 (1984), this Court held that where a person suffers an unrelated injury, a heart attack, after an automobile accident and is rendered unable to work, eligibility for work-loss benefits ceases because no income would have been earned even if the accident had not occurred. We said:

> Our no-fault act is patterned after the Uniform Motor Vehicle Accident Reparations Act, and § 3107(b) of our act, in relevant part, is virtually identical to § 1(a)(5)(ii) of that act. See 14 ULA, Civil Procedural & Remedial Laws, Uniform Motor Vehicle Accident Reparations Act, pp 50, 54. As we have explained previously, by adopting the language of such a model act, it is evident that the Legislature "was cognizant of, and in agreement with, the policies which underlie the model acts' language." *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538, 559; 302 NW2d 537 (1981). The drafter's comments to § 1(a)(5) of the UMVARA, and by extension to § 3107(b) of the no-fault act, are in part, as follows:
>
> " 'Work loss,' as are the other components of loss, is restricted to accrued loss, *and thus covers*

---

[4] MCL 500.3107; MSA 24.13107.

*only actual loss of earnings as contrasted to loss of earning capacity.* Thus, an unemployed person suffers no work loss from injury until the time he would have been employed but for his injury. On the other hand, an employed person who loses time from work he would have performed had he not been injured has suffered work loss . . . . Work loss is not restricted to the injured person's wage level at the time of injury. For example, *an unemployed college student who was permanently disabled could claim loss, at an appropriate time after the injury, for work he would then be performing had he not been injured.* Conversely, an employed person's claim for work loss would be appropriately adjusted at the time he would have retired from his employment."

A reading of both the clear language of § 3107(b) and the drafter's comment to the uniform act leads us to conclude that work-loss benefits are available to compensate only for that amount that the injured person would have received had his automobile accident not occurred. Stated otherwise, work-loss benefits compensate the injured person for income he would have received but for the accident. In the present case, plaintiff would have worked and earned wages for two weeks, until the date of his heart attack. After that date plaintiff would have earned no wage even had the accident not occurred and, therefore, is ineligible for work-loss benefits after that date under § 3107(b). [Emphasis added.]

It is apparent from the statutory language and the drafter's comments to § 1(a)(5) of the UMVARA that economic damages, and damages for loss of earning capacity are economic damages, are recoverable in tort only, as provided in §§ 3107 and 3135, for "actual" work loss—actual "loss of income from work an injured person would have performed" if he had not been injured—when the loss of income exceeds the daily, monthly, and three-year limitations.

Damages, thus, are not recoverable for loss of earning capacity.

The question of the applicable limitations period for recovery of excess work loss has not been briefed or argued, is not before us, and is not decided.

We are no longer persuaded that Shahan's remaining issues should be reviewed by this Court.[5]

Affirmed in *Ouellette* and reversed in *Argenta.*

WILLIAMS, C.J., and RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with LEVIN, J.

RILEY, J., concurred with LEVIN, J., in *Argenta* only, and took no part in the decision of *Ouellette.*

[5] Argenta obtained a jury verdict for $42,000 for noneconomic loss. Shahan assigned as error the trial court's failure to give a Standard Jury Instruction, Argenta's counsel's jury argument, and allowing rebuttal testimony.