## CLARK v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 82072. Submitted December 5, 1985, at Grand Rapids.—
Decided April 8, 1986.

Roy Clark was injured when his automobile was struck from the rear by a pickup truck owned by defendant Carol Brewer and driven by defendant Karl Brewer. Plaintiffs, Roy Clark and his wife, Rita Clark, thereafter brought an action in the Cass Circuit Court against defendants, Auto Club Insurance Association, plaintiffs' no-fault insurer, and Karl Brewer and Carol Brewer, seeking damages for the injuries sustained. Prior to trial, defendants Karl and Carol Brewer moved for a summary judgment contending that plaintiff had not suffered the serious impairment of body function which would serve as the threshold requirement for suing in tort under MCL 500.3135(1). The trial court, Michael E. Dodge, J., granted partial summary judgment on plaintiff's noneconomic claim, finding no dispute as to the nature and extent of the injury and that, as a matter of law, it failed to meet the threshold requirement. Later, defendants' further motion for summary judgment was heard. Defendants claimed that plaintiff had failed to state a claim upon which relief could be granted because he sought damages for a loss of future earning capacity instead of the work-loss damages allowed by MCL 500.3135. The trial court granted defendants' motion, ruling that lost earning capacity may not be recovered in the tort action unless the plaintiff first meets the threshold requirement. The trial court, however, allowed plaintiff to amend his complaint to allege damages for work loss instead of lost future earning capacity. The summary judgment order was entered as a final judgment. Plaintiffs

REFERENCES

Am Jur 2d, Automobile Insurance §§ 25, 35, 340-368.

Necessity or permissibility of naming no-fault insurer as defendant where insured automobile owner or operator is not liable for economic losses under no-fault insurance law. 40 ALR4th 858.

What constitutes sufficiently serious personal injury, disability, impairment, or the like, to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

See also the annotations in the ALR3d/4th Quick Index under Automobile Insurance.

appeal and defendants Karl Brewer and Carol Brewer cross-appeal therefrom. The trial was then adjourned pending resolution of the appeal and cross-appeal. Plaintiffs and defendant Auto Club Insurance Association stipulated in the circuit court to the dismissal of the action against Auto Club Insurance Association and an order to that effect was entered by the trial court. *Held:*

    1. The trial court did not err in concluding that plaintiff did not suffer a serious impairment of a body function.

    2. Damages for loss of earning capacity are not recoverable at all under the no-fault act. Therefore, the trial court reached the correct result in granting summary judgment in favor of defendants.

    3. The trial court properly held that plaintiff may seek economic loss damages for a period in excess of the three-year limitation contained in MCL 500.3107(b) and that plaintiff may seek such excess economic loss damages without meeting the tort threshold.

    Affirmed.

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

    The existence of a serious impairment of a body function, for purposes of the no-fault act, is a question of law to be decided by the court where there is no material factual dispute regarding the nature and extent of a plaintiff's injuries (MCL 500.3135[1]; MSA 24.13135[1]).

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

    A three-step analysis assists trial judges in making the legal determination of whether an injury results in a serious impairment of body function for purposes of the no-fault act: first, "impairment of body function" actually means "impairment of important body function"; second, any impairment must be "serious"; third, the injury must be "objectively manifested"; whether an injury is "serious" must be considered in light of the other two alternative thresholds established in the act, death and permanent serious disfigurement (MCL 500.3135[1]; MSA 24.13135[1]).

3. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

    Injuries consisting of muscle spasms, tenderness and limited flexibility do not rise to the level of a "serious" impairment of body function for purposes of the no-fault act (MCL 500.3135[1]; MSA 24.13135[1]).

4. Insurance — No-Fault Act — Damages — Loss of Earning Capacity.

Damages for loss of earning capacity are not recoverable at all under the no-fault act (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

5. Insurance — No-Fault Act — Damages — Work-Loss Benefits.

An injured person may receive damages for allowable work loss for a period in excess of the three-year limitation contained in the no-fault act; such recovery does not require proof of death, serious impairment of a body function or serious permanent disfigurement (MCL 500.3107[b], 500.3135[1]; MSA 24.13107[b], 24.13135[1]).

*Sloan, Benefiel, Farrer, Newton & Glista* (by *Gary C. Newton),* for plaintiffs.

*James, Dark & Brill* (by *Kenneth J. DeVries),* for defendants.

Before: Beasley, P.J., and R. M. Maher and R. L. Tahvonen,* JJ.

Per Curiam. In this no-fault action the trial court granted summary judgment in defendants' favor, GCR 1963, 117.2(1) and (3), now MCR 2.116(C)(8) and (10), having concluded that plaintiff Roy Clark did not suffer a serious impairment of a body function and that plaintiff could not recover for loss of earning capacity without meeting that no-fault threshold, MCL 500.3135; MSA 24.13135. Plaintiffs appeal as of right and we affirm. The trial court also permitted plaintiff to amend the complaint to seek excess work loss, MCL 500.3135(2)(c); MSA 24.13135(2)(c), concluding that such damages may be recovered without meeting the no-fault threshold. Defendants cross-appeal from that determination and we affirm.

Plaintiff was injured when his automobile was struck from the rear by a pickup truck owned by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant Carol Brewer and driven by defendant Karl Brewer. Plaintiff claimed that the impact propelled him into the ceiling of his car, knocked his front seat into a reclining position and forced his car halfway down the next block. Defendant Karl Brewer described a much different accident; one so trifling that plaintiff's car was moved barely two feet and no one was thrown about in the car.

Following the accident, plaintiff drove home and was driven to his family doctor by his wife. The doctor prescribed a muscle relaxant in response to plaintiff's complaints of head pain.

Four days later, plaintiff consulted Dr. McCanse, a chiropractor. Dr. McCanse found a misalignment of the spine which he opined could have been caused or aggravated by the accident. (Plaintiff had suffered a back injury in 1959 for which he received chiropractic treatment.) Plaintiff continued treating with Dr. McCanse until just prior to trial in November, 1984.

In June, 1982, Dr. Harshard Doshi, M.D., examined the plaintiff at the request of plaintiff's first-party insurer. The doctor found no muscle spasm and X-rays were normal. The plaintiff could perform all flexibility tests. Dr. Doshi concluded that plaintiff suffered from a stiff neck but could do any type of work.

In July, 1982, Dr. Edward Westerbeke, M.D., examined the plaintiff. He found lower spine movement or flexibility at 50% of normal and opined that plaintiff probably suffered from a pinched nerve causing a sensory deficit in his ankle. Dr. Westerbeke also found some muscle spasm in the lower spine. These conditions were also diagnosed as being temporary and as disabling plaintiff from working in a body shop as he had done up to three months prior to the accident.

In November, 1982, plaintiff was examined by

Dr. Earl Heller, M.D., again at the request of plaintiff's first-party insurer. Dr. Heller found no spasm, tenderness or wasting of the muscles. Leg-raising tests were negative and X-rays were normal. Plaintiff had no difficulty walking or lifting himself onto the examining table. Dr. Heller concluded that plaintiff was suffering from a strain of his neck, cervical spine or lower back. The prognosis was that the condition would improve with time and the doctor believed that plaintiff could work.

In April, 1983, plaintiff was seen by Dr. K. S. J. Murkowski, a chiropractor, who conducted a thermographic evaluation revealing dermatomal problems in plaintiff's spine. Palpation resulted in reports of tenderness in the back and neck. The doctor concluded that plaintiff suffered from spinal rotation, vertebral rotation and disc wedging.

In May, 1984, another thermogram was taken; this one by Dr. Richard Huff, D.O. The thermogram revealed no dermatomal problem in the upper body but did disclose some muscle irritation. Although dermatomal involvement was found in the lower spine, the doctor did not believe that this would impair plaintiff's ability to function in any significant manner.

In October, 1984, Dr. Westerbeke found arthritis in plaintiff's neck.

Prior to trial, defendants moved for summary judgment under GCR 1963, 117.2(3) now MCR 2.116(C)(10), contending that plaintiff had not suffered the serious impairment of body function which would serve as the threshold requirement for suing in tort under MCL 500.3135(1); MSA 24.13135(1). The trial court granted partial summary judgment on plaintiff's noneconomic claim, finding no dispute as to the nature and extent of the injury and that, as a matter of law, it failed to

meet the threshold requirement. Later, defendants' further motion for summary judgment based on GCR 1963, 117.2(1), now MCR 2.116(C)(8), was heard. Defendants claimed that plaintiff had failed to state a claim upon which relief could be granted because he sought damages for a loss of future earning capacity instead of the work-loss damages allowed by MCL 500.3135; MSA 24.13135. The trial court ruled that lost earning capacity may not be recovered in the tort action unless the plaintiff first meets the threshold requirement and, therefore, granted defendants' motion. The trial court, however, allowed plaintiff to amend the complaint to allege damages for work loss instead of lost future earning capacity. Trial was then adjourned pending resolution of this appeal and cross-appeal.

I

The first issue is whether the trial court erred in granting partial summary judgment in favor of defendants on the ground that plaintiff's injuries did not constitute a serious impairment of body function.

Since the Michigan Supreme Court's decision in *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), this Court and trial courts throughout the state have repeatedly grappled with the task of applying *Cassidy's* general legal precepts to those specific and endlessly varied factual settings in which actual cases arise.

In *Cassidy v McGovern, supra,* the Supreme Court held that, where there is no material factual dispute regarding the nature and extent of the plaintiff's injuries, the existence of a serious impairment of a body function is a question of law to be decided by the court.

In *Williams v Payne*, 131 Mich App 403, 409; 346 NW2d 564 (1984), this Court suggested a three-step analysis to assist trial judges in making the legal determination of whether injuries constitute a serious impairment of a body function:

"First, 'impairment of body function' actually means 'impairment of important body functions'. *Cassidy v McGovern*, 415 Mich 504. Second, by its own terms, the statute requires that any impairment be 'serious'. MCL 500.3135(1); MSA 24.13135(1); *McKendrick v Petrucci*, 71 Mich App 200, 210; 247 NW2d 349 (1976). Third, the section applies only to 'objectively manifested injuries'. *Cassidy v McGovern*, 415 Mich 505." (Emphasis omitted.)

We agree with the trial court's finding in this case that there is no material dispute as to the nature and extent of plaintiff's injuries. Although the parties of course *disagree* about the plaintiff's injuries and their effect upon him, the resolution of that disagreement would not be material in deciding the threshold question. In short, looking at the evidence in the light most favorable to the nonmoving parties, the moving parties are entitled to the legal finding they seek. See *Franz v Woods*, 145 Mich App 169, 172-173; 377 NW2d 373 (1985).

In the present case, consideration of the second *Williams* factor is dispositive on the threshold question, *i.e.*, the trial court correctly concluded that the injury was not "serious". Whether an injury is serious must be considered in light of the other two alternative thresholds established in the no-fault act, *i.e.*, death and permanent serious disfigurement. *Cassidy v McGovern, supra*, p 503. The plaintiff here complained of pain in his neck and lower back, which made doing household chores such as raking leaves difficult. He was able to walk, drive a car, visit friends and take care of

himself while his wife was at work. Drs. Heller, Doshi and Westerbeke found that the plaintiff was able to work. Dr. Huff testified that plaintiff's injuries were not impairing his ability to function in any significant manner. Plaintiff's injuries consisted of soreness, stiffness, tenderness in the muscles, and pain in his back and leg. Flexibility in the spine area was only 50% at one time, however, plaintiff was able to perform leg raising and other flexibility tests. We have previously held that muscle spasms, tenderness and limited flexibility do not rise to the level of a "serious" impairment of a body function. *Flemings v Jenkins,* 138 Mich App 788; 360 NW2d 298 (1984).

Our review of the lower court record satisfies us that the trial judge did not err in concluding that plaintiff did not suffer a serious impairment of a body function.

## II

The second issue is whether the trial court erred in granting summary judgment in favor of defendants on the ground that loss of earning capacity is a noneconomic loss recoverable only if the tort threshold is met.

In *Ouellette v Kenealy,* 424 Mich 83; 378 NW2d 470 (1985), the Supreme Court held that damages for loss of earning capacity are not recoverable *at all* under the no-fault act. Accordingly, the trial court, without the benefit of *Ouellette,* reached the correct result.

## III

The third issue is whether plaintiff may recover economic loss damages for a period in excess of the three-year limitation contained in MCL

500.3107(b); MSA 24.13107(b) even though plaintiff has not suffered a serious impairment of a body function. The trial court ruled that plaintiff may seek such excess economic loss damages without meeting the tort threshold. Most importantly, this ruling permits recovery of work-loss benefits for a period beyond three years. By way of cross-appeal, defendants argue that only excess economic loss accruing within three years of the accident is recoverable in this action.

In *Cochran v Myers,* 146 Mich App 729; 381 NW2d 800 (1985), this Court rejected defendant's assertion and held: (1) that work-loss benefits were recoverable for a period beyond three years, and (2) that such recovery does not require proof of death, serious impairment of a body function or serious permanent disfigurement. Recognizing that the Supreme Court in *Ouellette, supra,* p 88, declined to address "the applicable limitations period for recovery of excess work loss", we elect to follow *Cochran, supra.* The trial court's decision was therefore proper.

Affirmed. No costs, neither party having prevailed in full.