## TRPCEVSKI v KELLY

Docket No. 72128. Submitted September 23, 1986, at Lansing. Decided December 22, 1986. Leave to appeal applied for.

Sanka Trpcevski and Rajna Trpcevski, his wife, brought an action in Wayne Circuit Court against Dennis S. Kelly and others for injuries suffered by Sanka Trpcevski in an automobile accident. Following a nonjury trial, Lucile A. Watts, J., found defendants liable and awarded Sanka Trpcevski $300,000 and Rajna Trpcevski $100,000. Defendants appealed. The Court of Appeals remanded the matter to the trial court for clarification of what portion of the damages was for future damages and what damages, if any, were awarded for loss of future earning capacity. Unpublished opinion per curiam of the Court of Appeals, decided October 17, 1984 (Docket No. 72128). On remand, the trial court indicated that it had awarded Sanka Trpcevski past damages of $112,500 and future damages of $450,300, which, when reduced to present value, amounted to $189,106.90. Rajna Trpcevski was awarded $37,500 in past damages and $151,450 in future damages which, when reduced to present value, amounted to $63,035.63. The past and future damages were added together and rounded off. The trial court indicated that it had used a twelve percent interest rate to reduce the future damages to present value. The matter returned to the Court of Appeals pursuant to its retention of jurisdiction. The Court of Appeals again remanded to the trial court, again retaining jurisdiction, noting that the trial court had failed to indicate whether any of the award of future damages was for future wage loss. Unpublished opinion per curiam of the Court of Appeals, decided May 1, 1986 (Docket No. 72128). On remand the trial court indicated that none of the future damages were for future wage loss. The matter was returned to the Court of Appeals.

The Court of Appeals *held:*

The trial court did not reduce plaintiffs' future damages to

REFERENCES

Am Jur 2d, Damages § 26.
See the annotations in the Index to Annotations under Future and Prospective Damages.

their present value when it rendered its original verdict. With proper reduction to present value the awards are: Sanka Trpcevski, $223,920.26, and Rajna Trpcevski, $74,640.38.

Remanded for computation of prejudgment interest.

R. B. MARTIN, J., concurred in result only.

DAMAGES — FUTURE DAMAGES — PRESENT VALUE.

The appropriate rate to apply when reducing future damages to present value is five percent (SJI2d 53.03).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Sheldon L. Miller*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs*), for defendants.

Before: BEASLEY, P.J., and J. H. GILLIS and R. B. MARTIN,* JJ.

PER CURIAM. This suit arose out of an automobile accident which occurred when defendant Kelly, driving a vehicle owned by defendant Jim Causley, Inc., collided with plaintiff Sanka Trpcevski's vehicle as he was making a left turn. Following a bench trial, Judge Lucile Watts found defendants liable and awarded $300,000 to plaintiff Sanka Trpcevski and $100,000 to his wife Rajna.

Following the verdict, defendants moved for a new trial, or, in the alternative, remittitur, alleging, among other things, that the trial court had failed to reduce future damages to present value and that the award of damages for loss of future employability was in error because no testimony regarding plaintiff Sanka Trpcevski's future employability had been introduced. The trial court denied defendants' motion without specifying how the plaintiffs' damages had been calculated.

* Retired circuit judge, sitting on the Court of Appeals by assignment.

Defendants then appealed to this Court as of right. We held that the trial court's award lacked the specificity required by GCR 1963, 517.1, now MCR 2.517(A), and we remanded this case to the trial court so that it could make findings of fact as to what proportion of its award was for future damages and what proportion of its award was for past damages. Moreover, we instructed the trial court to clarify what damages, if any, were awarded for plaintiff Sanka Trpcevski's loss of future earning capacity. We retained jurisdiction of the case. Unpublished opinion per curiam of the Court of Appeals, decided October 17, 1984, (Docket No. 72128).

Following remand, the trial court indicated that it had awarded plaintiff Sanka Trpcevski past damages of $112,500 and future damages of $450,300 which, reduced to present value, amounted to $189,106.90. Thus, Mr. Trpcevski's total award was $301,606.90 and the trial court rounded this figure off to $300,000. Plaintiff Rajna Trpcevski was awarded $37,500 in past damages and $151,450 in future damages which when reduced to present value amounted to $63,035.63. Mrs. Trpcevski's total damages were $100,535.63, which was rounded off to $100,000.

In arriving at these conclusions, the trial court utilized a twelve percent interest rate to reduce plaintiffs' future damages to present value. This interest rate was argued for by defendants following our first remand. The appropriate rate to apply when reducing future damages to present value is five percent. See SJI2d 53.03. The trial court did not state what damages, if any, plaintiff Sanka Trpcevski had received for loss of future employment.

The case then returned to this Court. In our opinion after remand, we noted that the trial court

had failed to inform us what damages, if any, it had awarded for Sanka Trpcevski's future wage loss. We also noted that damages for loss of earning capacity were not recoverable in a tort action under the no-fault act. See *Ouellette v Kenealy,* 424 Mich 83; 378 NW2d 470 (1985). We again remanded this case to the trial court so that it could state on the record whether it had awarded damages to plaintiff Sanka Trpcevski for future wage loss. Unpublished opinion per curiam of the Court of Appeals, decided May 1, 1986 (Docket No. 72128).

Moreover, we noted the trial court improperly used a twelve percent interest rate when it reduced plaintiffs' future damages to present value. Hence, we also remanded this case so that the trial court could make specific findings of facts as to plaintiffs' losses. Following these findings, we held that we would determine plaintiffs' damages and so we retained jurisdiction of this case.

Following this second remand, the trial court indicated that it had not awarded plaintiff Sanka Trpcevski any damages for loss of future earning capacity. The trial court explained the extent of plaintiff Sanka Trpcevski's injuries and concluded that he was entitled to recover future damages in the amount of $15,000 per year. It further concluded that plaintiff Rajna Trpcevski was entitled to $5,000 per year in future damages.

This case is now before us again on supplemental briefs. Defendants again claim the trial court awarded plaintiff Sanka Trpcevski damages for lost earning capacity contrary to our Supreme Court's decision in *Ouellette, supra.* Plaintiffs claim the trial court, pursuant to its opinion following our second remand, did not award damages for lost earning capacity. We agree with plaintiffs

and we find that the trial court did not award such damages.

Defendants also claim it is now clear that the trial court never reduced plaintiffs' future damages to present value. In support of their contention, defendants note that the trial court awarded the same amount of future damages to plaintiffs following our second remand as it had following our first remand. Plaintiffs, on the other hand, argue that they are entitled to have the trial court's original judgment modified to reflect the $118,429.41 increase in that judgment, given a proper application of the five percent interest rate. We now agree with defendants' original contention and find that the trial court did not reduce plaintiffs' future damages to their present value when it rendered its original verdict.

We accept the trial court's findings that plaintiff Sanka Trpcevski's past damages were $112,500; therefore, we find that the trial court awarded this plaintiff $187,500 in future damages. Reduced to present value, plaintiff Sanka Trpcevski's future damages are $111,420.26; his total damages are $223,920.26.

In determining Rajna Trpcevski's damages, we accept the trial court's findings that she was entitled to $37,500 in past damages. Hence, the trial court found that this plaintiff's future damages were $62,500. Reduced to present value, plaintiff Rajna Trpcevski's future damages are $37,140.08; her total damages are $74,640.08.

Given these findings, we modify the trial court's judgment and we award plaintiff Sanka Trpcevski $223,920.26 in damages and plaintiff Rajna Trpcevski $74,640.38 in damages. MCR 7.216(A)(7). We remand this case so that the trial court may determine the amount of prejudgment interest to

which plaintiffs are entitled. MCL 600.6013; MSA 27A.6013. We do not retain jurisdiction.

R. B. MARTIN, J., concurs in the result.