#24787, #24802-a-JKK

**2009 SD 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

CARYN CARLSON,                                    Plaintiff and Appellant,

  v.

THE CONSTRUCTION COMPANY,                Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JEFF W. DAVIS
Judge

\* \* \* \*

AARON D. EIESLAND of
Johnson Eiesland Law Offices, PC           Attorneys for plaintiff
Rapid City, South Dakota                         and appellant.


DONALD A. PORTER
STEPHEN C. HOFFMAN of
Costello, Porter, Hill, Heisterkamp,
  Bushnell & Carpenter, LLP                     Attorneys for defendant
Rapid City, South Dakota                         and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 12, 2009

OPINION FILED **02/04/09**

KONENKAMP, Justice

[¶1.]     In this premises liability action, a contractor employee working at a construction site was injured when a piece of sheetrock fell on her foot.  The employee brought suit alleging that the sheetrock was negligently stored causing her injury.  The jury returned a verdict in favor of the general contractor and the employee appeals.  We affirm.

## Background

[¶2.]      Caryn Carlson and her husband operate Superior Insulation, a business in Rapid City, South Dakota.  On April 17, 2003, Carlson was working at a home being constructed by The Construction Company (the Company), a general contractor.  Standing in the master bedroom were twelve sheets of sheetrock stacked on their long edge against an interior wall stud.  While preparing the room for spray insulation, Carlson placed an empty roll of tape on top of the stacked sheetrock.  She later testified that after she turned and grabbed the empty roll, a 110-pound sheet of sheetrock fell on her foot causing serious injury.

[¶3.]     Carlson brought suit against the Company alleging that it negligently stacked and stored the sheetrock, causing it to fall and injure her.  She claimed that the Company knew the sheetrock was not placed in a safe position and failed to remove the hazard.  She contended that the Company knew the sheetrock was stored dangerously because days before her injury, other sheetrock leaning against a different wall fell and injured an electrical contractor.  Carlson further asserted that, based on the instructions accompanying the sheetrock that the sheets should

never be stacked on edge or end, and also based on certain industry standards, the Company's placement of the sheetrock on edge was hazardous.

[¶4.]     The Company, on the other hand, contended that stacking sheetrock to lean against a wall was not negligent. Rather, the Company argued that it is the local custom in Rapid City for construction companies to store sheetrock on edge, leaning against a wall. The Company averred that the sheetrock that fell on Carlson was stacked neither too vertically nor too far away from the wall, and therefore, was safely stored. Moreover, the Company insisted that Carlson's actions caused the sheetrock to fall. One witness testified that when taking Carlson from the house after she was injured, Carlson said that the sheetrock fell after she had pulled it back when looking for an outlet to tape.

[¶5.]     In the jury trial, Carlson presented safety standards from the Occupational Safety and Health Administration (OSHA) and the sheetrock manufacturer, both warning that sheetrock should be stored flat. The OSHA standards require that materials on a worksite be stored so that normal forces do not cause them to fall. And, the manufacturer warned that sheetrock "shall always be stacked flat—NEVER on edge or end." In response, the Company alleged that sheetrock stored on edge can be stored safely. Through testimony by various witnesses, the Company maintained that it is customary in Rapid City to store sheetrock on edge so that it is more manageable for the sheetrocker to use and because laying sheetrock flat creates a hazard for those working around it.

[¶6.]     The jury returned a verdict in favor of the Company. Carlson appeals asserting that the trial court erred when it (1) failed to direct a verdict against the

Company on the issue of negligence, and (2) declined to give her requested

instruction on the issue of industry custom. The Company presents several issues

on notice of review, but because we affirm we need not reach them.[1]

## Analysis and Decision

[¶7.]        Carlson asserts that the circuit court abused its discretion when it

denied her motion for a directed verdict. According to Carlson, there is no dispute

that the Company failed to safely store the sheetrock because OSHA standards and

the manufacturer's instructions set the minimum standard:  sheetrock is to be

---

1.        We review a court's denial of a directed verdict under the abuse of discretion
standard.  Garland v. Rossknecht, 2001 SD 42, ¶16, 624 NW2d 700, 704
(citing United States and Hartzell Propeller, Inc. v. South Dakota, 1999 SD
94, ¶7, 598 NW2d 208, 211). As to jury instructions, we use the following
standard of review:

> A trial court has discretion in the wording and arrangement of
> its jury instructions, and therefore we generally review a trial
> court's decision to grant or deny a particular instruction under
> the abuse of discretion standard. *See* Luke v. Deal, 2005 SD 6,
> ¶11, 692 NW2d 165, 168; Parker v. Casa Del Rey-Rapid City,
> Inc., 2002 SD 29, ¶5, 641 NW2d 112, 115.  However, no court
> has discretion to give incorrect, misleading, conflicting, or
> confusing instructions:  to do so constitutes reversible error if it
> is shown not only that the instructions were erroneous, but also
> that they were prejudicial.  First Premier Bank v. Kolcraft
> Enter., Inc., 2004 SD 92, ¶40, 686 NW2d 430, 448 (citations
> omitted).  Erroneous instructions are prejudicial under SDCL
> 15-6-61 when in all probability they produced some effect upon
> the verdict and were harmful to the substantial rights of a party.
> Accordingly, when the question is whether a jury was properly
> instructed overall, that issue becomes a question of law
> reviewable de novo.  Under this de novo standard, "we construe
> jury instructions as a whole to learn if they provided a full and
> correct statement of the law." *Id.* ¶40 (quoting State v. Frazier,
> 2001 SD 19, ¶35, 622 NW2d 246, 259 (citations omitted)).

Papke v. Harbert, 2007 SD 87, ¶13, 738 NW2d 510, 515.

stored lying flat. Carlson also relies on the fact that the Company was aware that, before her injury, sheetrock at the same worksite fell and injured another contractor. The Company, on the other hand, argues that Carlson caused the sheetrock to fall, not through any negligence on the Company's part. The Company also insists that it is not negligence per se to store the sheetrock on edge and this sheetrock was stored in a safe manner.

[¶8.] We presume that the circuit court's ruling on a motion for a directed verdict is correct and only reverse when there is an abuse of discretion. Garland v. Rossknecht, 2001 SD 42, ¶16, 624 NW2d 700, 704 (citing United States and Hartzell Propeller, Inc. v. South Dakota, 1999 SD 94, ¶7, 598 NW2d 208, 211). We also view the evidence in a light most favorable to the nonmoving party. *Id.* "'If any legally sufficient basis exists to support a verdict for the nonmoving party, the motion must be denied.'" *Id.* (quoting Jurrens v. Lorenz Mfg. Co., 1998 SD 49, ¶5, 578 NW2d 151, 153 (citations omitted)).

[¶9.] Here, we detect no reason to fault the court's ruling. Whether the Company was negligent when it stored the sheetrock on edge was clearly in dispute. Carlson presented evidence that sheetrock stored flat would be safer. But the Company offered competing evidence that sheetrock can be stored on edge in a safe manner. The Company also presented testimony that the sheetrock fell after Carlson pulled it back looking for an outlet to tape. The trial court did not abuse its discretion when it denied Carlson's motion for a directed verdict on the issue of negligence.

[¶10.]     Carlson next asserts that the trial court erred when it refused her requested instruction that the Company's compliance with local custom is not the reasonable person standard.  She contends that by rejecting her requested instruction, the jury was left to believe that because the Company complied with local custom it could not be liable.  Before trial, Carlson moved in limine to prevent any testimony, evidence, or reference to the fact that it is an accepted practice in Rapid City to stand sheetrock on edge.  The court denied the motion and the Company's witnesses consistently testified that it is customary in Rapid City to store sheetrock on edge against a wall.  Because of the attention drawn to the local custom, at the close of the case, Carlson requested a jury instruction stating, "Compliance with the local customary standards is not compliance with the reasonable person standard."  Carlson's request was based on this Court's analysis in *Zacher v. Budd Co.*, 396 NW2d 122, 133 (SD 1986).  The court denied the proposed instruction.

[¶11.]     In *Zacher*, the trial court instructed the jury that if the defendants complied with industry standards they were not liable.  *Id.* at 133-34.  On appeal, we reversed because an industry standard is merely a factor to be considered, rather than conclusive evidence.  We also remarked that it is proper to instruct the jury that compliance with certain regulations "could be considered as evidence of the exercise of reasonable care . . . but was not conclusive on the issue of negligence."  *Id.* at 134.

[¶12.]    In this case, the circuit court did not instruct the jury in any regard on the issue of local customs or industry standards. The instruction submitted to the jury on the issue of negligence provided:

> Negligence is the failure to use reasonable care. It is the doing of something which a reasonable person would not do, or the failure to do something which a reasonable person would do, under facts similar to those shown by the evidence. The law does not say how a reasonable person should act under facts similar to those shown by the evidence. That is for you to decide.

Carlson did not object to this instruction. Nonetheless, the court rejected Carlson's requested instruction because, according to the court, it would have done inversely (and erroneously) what was prohibited by this Court in *Zacher*.[2]

[¶13.]    A court's failure to give a requested instruction that properly sets forth the law constitutes error. Kuper v. Lincoln-Union Elec. Co., 1996 SD 145, ¶32, 557 NW2d 748, 758 (citing Bauman v. Auch, 539 NW2d 320, 323 (SD 1995)). Although the facts of this case might support an instruction similar to the one suggested in *Zacher*, Carlson's requested instruction was not a correct statement of the law. It declared that compliance with local custom "is not compliance with the reasonable person standard." Such statement contradicts our law that the reasonable person standard, as indicated by the circuit court's instructions, is determined by the

---

2.    The circuit court stated: "The Supreme Court [in *Zacher*] talks in terms of the particular instruction there almost amounting to a directed verdict on industry standards, compliance, local customs and those sorts of things, and I think your proposed instruction almost does the same thing on the backside of this to cause undue attention to the fact that we do have an industry statement that is a standard of some sort, I guess, in that you stack Sheetrock flat."

evidence and decided by the jury. Because Carlson's instruction was not a proper statement of the law, the court did not abuse its discretion when it rejected it. *See* Lord v. Hy-Vee Food Stores, 2006 SD 70, ¶17, 720 NW2d 443, 449.

[¶14.] Yet, because Carlson's proposed instruction raised an important issue, should the court have modified or edited the proposal to conform to the law and facts of the case? No case in South Dakota has discussed a judge's duty to modify or edit a party's substantively incorrect proposed jury instruction.[3] Nor is there a rule imposing such an obligation. SDCL 15-6-51(a) places the duty of requesting jury instructions on the parties. Then, the trial court is to propose its instructions before final arguments. SDCL 15-6-51(b). The court must also give the parties an opportunity to object to the court's instructions and its actions on the parties' requested instructions. *Id.*

[¶15.] A number of other jurisdictions have declined to impose a specific duty on trial judges to modify or edit a party's requested instructions in civil cases. Garhart *ex rel.* Tinsman v. Columbia/Healthone, L.L.C., 95 P3d 571, 587 (Colo 2004) (citing Hansen v. State Farm Mut. Auto. Ins. Co., 957 P2d 1380, 1384-85 (Colo 1998)); Downs v. Powell, 108 SE2d 715, 718 (Ga 1959) ("A request to charge must be

---

3. In *Ballard v. Happy Jack's Supper Club*, the plaintiff submitted a handwritten instruction that violated the typewritten requirement of a previous version of SDCL 15-6-61(a) (amended in 2006). 425 NW2d 385, 387 (SD 1988) (citations omitted). The handwritten instruction raised a proper and applicable legal principal not specifically addressed by the court's instructions. *Id.* at 388. Because the instruction, while incorrect in form, raised an important and relevant issue of law, we held that the court erred when it failed to frame an instruction on the issue properly raised. *Ballard* is distinguishable because the substance of the requested instruction was correct. Here, it was not.

correct and even perfect; otherwise a refusal to give it is not error."); Cua v. Ramos, 433 NE2d 745, 749 (Ind 1982) ("'unless the party is entitled to have it given in terms as prayed, the court may properly refuse it'") (citation omitted); Duncan v. Strating, 99 NW2d 559, 560 (Mich 1959); Winnett v. City of Portland, 847 P2d 902, 908 (OrCtApp 1993) (citing Beglau v. Albertus, 536 P2d 1251 (Or 1975)); Honsinger v. Egan, 585 SE2d 597, 601 (Va 2003) (no duty in civil cases). While acknowledging a trial judge's duty to instruct the jury correctly on the law, appellate courts refuse to construe this general duty to require a judge to assume the role of redrafting requested civil instructions.[4]

[¶16.]    Based on our review of these cases and South Dakota law, we also decline to impose a duty on a judge to modify or rewrite a party's substantively incorrect requested instruction in a civil case. To conclude otherwise would require judges to take on an advocate's duty to frame proposed instructions properly. Minor mistakes, of course, such as typographical errors in proposed instructions that otherwise correctly state the applicable law, should not be grounds for refusal.

[¶17.]    Because the proposed instruction was justifiably rejected, we must now determine if the court's instructions as a whole correctly stated the law. *See* First Premier Bank v. Kolcraft Enter., Inc., 2004 SD 92, ¶40, 686 NW2d 430, 448. No court has discretion to give incorrect, misleading, conflicting, or confusing

---

4.    Some courts have held that a duty might exist. However, those cases applied Federal Rule 51 and expressed the notion that a court's duty to instruct on the applicable law cannot be excused by a technically defective request. Dahlgren v. United States, 553 F2d 434, 440 (5thCir 1977) (criminal case relying on Wright and Miller, Federal Practice and Procedure); Emery v.

(continued . . .)

instructions. *Id.* Here, the court's negligence instruction informed the jury that the law does not say how a reasonable person should act, but that *it, the jury*, is to decide whether the Company acted reasonably under the facts shown by the evidence. While the jury might have been assisted with an instruction that compliance with a local custom or industry standard is only a factor to be considered, we cannot say that the absence of this instruction made the court's ultimate instructions incorrect, misleading, conflicting, or confusing. Based on the evidence presented, it was within the jury's province to determine whether it was reasonable for the Company to store sheetrock as it did.

[¶18.]     Affirmed.

[¶19.]     GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, and SABERS, Retired Justice, concur.

---

(. . . continued)
Northern Pac. R.R. Co., 407 F2d 109, 112 n3 (8thCir 1969); Chavez v. Sears, Roebuck & Co., 525 F2d 827, 830 (10thCir 1975).