#25289-rev & rem-JKK

**2010 SD 61**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

KADRMAS, LEE AND JACKSON, INC.,
a North Dakota Corporation,                                 Plaintiffs and Appellees,

v.

MITCH MORRIS a/k/a MITCHEL
E. MORRIS, individually and
doing business as MORRIS
RANCH GROUP,                                                   Defendants and Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JOHN J. DELANEY
Judge

\* \* \* \*

RONDA MILLER                                    Attorney for plaintiffs
Belle Fourche, South Dakota              and appellees.

BRAD A. SCHREIBER                          Attorney for defendants
Pierre, South Dakota                         and appellants.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 26, 2010

OPINION FILED **07/21/10**

#25289

KONENKAMP, Justice

[¶1.]     In this breach of contract action, plaintiff alleged that defendant failed to pay on two written contracts, but defendant claimed that he paid a $10,000 retainer on those contracts. Plaintiff responded that the $10,000 payment was on an oral contract that had been completed. The circuit court instructed the jury that if it found that the oral contract existed, "the $10,000 must be applied to the claim for work performed under that contract." Because the court told the jury that it must apply the payment only to the purported oral contract, it took from the jury the job of resolving a disputed issue of fact. We reverse and remand for a new trial.

## Background

[¶2.]     Mitch Morris sought to develop some land two miles south of Rapid City, South Dakota. His real estate agent, Stan Hauck, put Morris in touch with Kadrmas, Lee and Jackson, Inc., a regional engineering and planning firm. Kadrmas began preliminary work in December 2004. Rodney Senn, an engineer with Kadrmas, sent Stan Hauck a letter indicating that the cost of the preliminary work would be $12,000. Morris later testified that Hauck had no authority to make a binding contract on Morris's behalf. The preliminary work was completed in July 2005. Morris paid Kadrmas $10,000 in October of that year, and later in the same month Kadrmas and Morris executed two written contracts. One contract was for the design on extending water services to the land; the other was for the design of the sewer system.

[¶3.]     Beginning in November 2005, Kadrmas sent Morris invoices for services provided on the design of the water line extension. In February 2006, Kadrmas sent invoices to Morris for services related to the sewer lines. These

invoices were later offered in evidence along with summaries of the hours worked on the Morris project. The charges on these services were: preliminary work — $9,625.73; water line extension — $20,136.66; sewer line extension — $7,650.72.

[¶4.] At some point, Morris telephoned Kadrmas to say that he was not receiving any invoices. Senn later testified that he sat down with Morris and showed him the invoices. Except for the initial $10,000 he paid in October 2005, Morris made no other payments. In February 2006, Kadrmas stopped work on the project.

[¶5.] Kadrmas brought suit against Morris for breach of contract. At trial, Morris claimed that the $10,000 he paid to Kadrmas was a retainer for the two October 2005 contracts. Kadrmas, on the other hand, claimed that the $10,000 was payment for the preliminary work and that Morris breached the two contracts when he failed to pay on the invoices. The jury awarded $27,787.38 in damages to Kadrmas. After trial, the circuit court denied Morris's renewed motion for judgment as a matter of law or in the alternative a new trial. He appeals asserting that the court improperly instructed the jury in two respects and that Kadrmas failed to prove its damages.[1] We find only one assertion of error meritorious.

**Analysis and Decision**

---

1. We review for abuse of discretion a trial court's decision to grant or deny a motion for new trial and a renewed motion for judgment as a matter of law. SDCL 15-6-50(b); SDCL 15-6-59(a); Duda v. Phatty McGees, Inc., 2008 SD 115, ¶19, 758 NW2d 754, 759-60 (citations omitted). We review the court's wording and arrangement of jury instructions for an abuse of discretion. Carlson v. Const. Co., 2009 SD 6, ¶6 n1, 761 NW2d 595, 597 n1 (citations omitted). But a court has no discretion to give incorrect or misleading instructions, and to do so prejudicially constitutes reversible error. *Id.* (citations omitted).

[¶6.]　　　　　At trial, the parties contested the purpose of the $10,000 payment. Kadrmas asserted that the payment was for preliminary work done before the two contracts were signed.  Morris maintained that the $10,000 was a retainer for the two October 2005 contracts; that he made no oral agreement to pay for preliminary work; and that Hauck was not his agent for the purpose of contracting for preliminary engineering services.

[¶7.]　　　　　On appeal, Morris argues that the circuit court improperly instructed the jury to apply the $10,000 to the preliminary contract if it found such contract existed.[2]  Kadrmas claims that Morris failed to object to this instruction, and

---

2.　　On page three of the instructions, the court charged the jury on the burden of proof:

> One asserting a claim must prove that claim by the greater convincing force of the evidence.  If the evidence is evenly balanced so that you conclude that neither party has produced the greater convincing force, then you must find against the party who has the burden of proof.
>
> In this case, the Corporation has the burden of proving:
>
> a.  As to the preliminary contract that the parties created either an express or an implied contract.  *If that contract exists, the $10,000 must be applied to the claim for work performed under that contract.*
>
> b.  That Mr. Morris had a contractual obligation to pay the Corporation for work it had performed pursuant to each of the written contracts; and
>
> c.  That he breached those contracts by failing and refusing to do so; and
>
> d.  The damages which were incurred as a result of that breach.
>
> Mr. Morris has the burden of proving that the Corporation has not performed the work or services which entitled it to all or some of the payments the Corporation claims are due and owing under the contract.

(continued . . .)

therefore, waived the issue. From our review of the record, however, Morris sufficiently objected to preserve the issue.

[¶8.] At the time of settling jury instructions, the court did not have its prepared instructions. Rather, the court and parties were reviewing Kadrmas's proposed instructions. Morris objected to two instructions that related to the written contracts and alleged oral contract. The court responded,

> It seems to me that I would instruct that there are three contracts at issue. There is a question of a contract for preliminary work. And there are two written contracts.
>
> As to the contract for preliminary work, the instruction relevant to quantum meruit may apply.
>
> As to contracts two and three, the written contracts - - I mean, by its terms that instruction would only apply to that. Because if I talk to the jury, I would say that there is one oral contract alleged and two written ones. The written contracts are admitted; and there is a dispute over the existence of the oral contract.
>
> In either event, there is $10,000 that has been paid and admitted and that needs to be deducted from the damages you find, if any, on behalf of the plaintiff. I think I need an instruction to that end of some sort. So that's basically what I am inclined to do.

As part of his objection, Morris's counsel argued, "So the only issue, I think, is whether or not the $10,000 applies to those [two written] contracts or not and we don't need to discuss the validity or invalidity of a prior agreement. So I would object to both of these on that basis. And simply an instruction either the jury thinks the $10,000 gets applied or it doesn't get applied."

_____

(. . . continued)
     (Emphasis added.)

[¶9.]     After listening to the parties' arguments, the court recessed to draft its own jury instructions. Upon reconvening, counsel for Morris objected to page three of the court's instructions: "I think the issue is much simpler than that. . . . I think the jury can be instructed that there was $10,000 that has been paid and they can be instructed that it's either been paid for the work that was performed beforehand or it was paid for the work that was performed under the two contracts." The court denied Morris's objection.[3]

[¶10.]     It is undisputed that Morris argued that the $10,000 applied to the two written contracts and that Kadrmas maintained that the $10,000 applied to a previously completed oral agreement for preliminary work. There is also no dispute that the jury was left to determine if such a preliminary contract existed. When the court then instructed the jury that it was required to apply the $10,000 paid to such preliminary agreement, the court took away from the jury the question whether Morris proved that the $10,000 applied to the two written contracts. Certainly, the

---

3.     There was a latent ambiguity in the court's instructions. In the last instruction, the court reminded the jury: "Remember in reaching a damage figure that Mr. Morris has paid and the Corporation has received the sum of $10,000." Neither side suggests how this should be resolved.

jury could have found that a preliminary agreement existed, that Kadrmas performed under that agreement free of charge, and that the $10,000 was paid as a retainer on services to be provided under the two written contracts. Therefore, it was error for the court to instruct the jury that if it found a preliminary contract to exist it must apply the $10,000 to that contract. Morris was prejudiced by this error as the jury was not free to apply the $10,000 where it deemed warranted. Morris is entitled to a new trial.

[¶11.]     Reversed and remanded.

[¶12.]     GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.